In re Carl Leroy GRANT, Debtor.

**AGWAY INSURANCE COMPANY, Movant,**

v.

**Carl L. GRANT, Jane Orbeton, Esquire, Trustee, Respondents.**

**Bankruptcy No. 184–00079.
Adv. No. 184–0169.**

United States Bankruptcy Court,
D. Maine.

Dec. 28, 1984.

Steven J. Mogul, Gross, Minsky, Mogul & Singal, Bangor, Me., for debtor.

Glenn H. Robinson, Hunt, Thompson & Bowie, Portland, Me., for movant.

Jane Orbeton, Hallowell, Me., Trustee.

MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

On April 4, 1984, Carl Leroy Grant filed a petition under chapter 7 of the United States Bankruptcy Code in the United

States Bankruptcy Court for the District of Maine. At the time the petition was filed, a suit was pending against the debtor in the Penobscot County Superior Court. *Gray v. Grant,* Docket No. CV–84–145. The suit, arising out of a motor vehicle accident, represents one of the two most significant claims against the debtor's estate. Agway Insurance Company, movant herein, is the subrogee of Mr. Gray's claim.

By order dated April 9, 1984, this Court set May 3, 1984, as the first date for the meeting of the creditors under Title 11 U.S.C. § 341(a). The Court further set July 3, 1984, as the last day for filing a complaint either to object to discharge under Title 11 U.S.C. § 727 or to object to the dischargeability of a debt under Title 11 U.S.C. § 523. On June 5, 1984, Maine Bonding & Casualty Co., also a creditor of the debtor's estate, filed an objection to the debtor's discharge under § 727, alleging that the debtor, with an intent to hinder, delay, and defraud creditors, had filed schedules that failed to disclose significant assets of the debtor's estate. Agway Insurance Company, on June 15, 1984, sent a letter to the Deputy Clerk of the Bankruptcy Court, stating that it agreed with the complaint filed by Maine Bonding & Casualty Co. and "would like to join in to the extent of [its] interest." The attorney for

Agway Insurance Company further stated that he would file a separate complaint if the Deputy Clerk felt it necessary to do so. The Court notes that the Deputy Clerk did not advise the attorney that a separate complaint should be filed. On July 20, 1984, seventeen days after the deadline set by this Court for filing objections, Agway Insurance Company formally sought relief under § 727 and § 523(c). A hearing was held on August 15, 1984, at which time the debtor objected to the complaint as being untimely filed and filed a motion to dismiss the complaint.[1]

Bankruptcy Rules 4004(a) and 4007(c) provide that complaints objecting to a debtor's discharge under § 727 and objecting to the dischargeability of a debt under § 523 shall be filed within 60 days after the first date set for the meeting of creditors held pursuant to § 341. Agway Insurance Company contends that the Court, in its discretion, may extend the time for filing complaints under § 727 and § 523. This Court does not agree. The Court may only extend the 60-day time period upon motion of a party in interest made before the time has expired. *See* Bankruptcy Rule 4004(b) and Bankruptcy Rule 4007(c).[2] At no time prior to July 3, 1984, did Agway Insurance Company file a motion for the enlargement of time.[3]

---

**1.** It is important to note that the complaint brought by Maine Bonding & Casualty Co. related only to the issue of whether the debtor should be denied a discharge under § 727. Maine Bonding & Casualty Co.'s motion to amend its complaint to add a new cause of action under § 523 to deny the dischargeability of a specific debt has been denied. *Maine Bonding & Casualty Co. v. Grant,* 45 B.R. 262 (Bankr.D.Me.1984).

**2.** Bankruptcy Rule 9006(b)(3), in limiting the Court's discretion in extending the time period in which an act must be done, refers to Bankruptcy Rule 4004(a) and Bankruptcy Rule 4007(c) and states that "[t]he court may enlarge the time for taking action under [those rules] ... only to the extent and under the conditions stated in those rules." Bankruptcy Rule 4004(a) provides that a complaint objecting to the debtor's discharge under § 727 shall be filed no later than 60 days following the first date set for the meeting of creditors under § 341(a). The Court notes that it is Bankruptcy Rule 4004(b) that

addresses the issue of extension of time for filing objections to the debtor's discharge under § 727. To be consistent with the other rules mentioned in Bankruptcy Rule 9006(b)(3), *see, e.g.,* Rule 4007(c), the reference in Bankruptcy Rule 9006(b)(3) to Bankruptcy Rule 4004(a), by implication, must also include Bankruptcy Rule 4004(b).

**3.** The former Bankruptcy Rules permitted the Court, upon application made after the expiration date, to extend the time for filing either objections to discharge or objections to the dischargeability of a specific debt upon the showing of excusable neglect. *See* Bankruptcy Rule 906(b)(2). Under the present Bankruptcy Rules, the Court may only extend the time for filing objections to discharge or objections to the dischargeability of a specific debt if the motion for the enlargement of time is made prior to the expiration of the specified time period. *See* Bankruptcy Rules 9006(b)(3); 4004(a) and (b); 4007(c). The Rules have removed the excusable neglect test from the Court's consideration when

■ In the alternative, Agway Insurance Company seeks to have this Court characterize the letter dated June 15, 1984, as an "informal" objection to the debtor's discharge. In support thereof, Agway Insurance Company notes that the letter was timely "filed" and served as notice or constructive notice that Agway Insurance Company objected to the debtor's discharge under § 727.

The Court cannot accept the argument that Agway Insurance Company should be allowed to object to the debtor's discharge solely on the grounds that the debtor had notice or constructive notice of the objections. Bankruptcy Rule 4004(a) makes no reference to either notice or constructive notice in the context of a chapter 7 liquidation case. The Rule only states that complaints filed thereunder shall be filed within 60 days following the first date set for the meeting of the creditors held pursuant to § 341(a). In its failure to formally file its complaint until July 20, 1984, Agway Insurance Company failed to comply with Rule 4004(a).

Moreover, for this Court to now allow Agway Insurance Company to characterize the letter dated June 15, 1984 as an "informal" objection to discharge, the Court must find that the letter comports with the requirements of Bankruptcy Rule 7008 and Rule 8 of the Federal Rules of Civil Procedure. This Court finds that it does not. The general rules of pleading require, *inter alia*, that the party filing the pleading include therein "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Bankruptcy Rule 7008 and Fed.R.Civ.P. 8(a)(1). While the Court recognizes that these rules should be liberally construed, *see* Fed.R.Civ.P. 8(f),

this Court does not consider a letter addressed to the Court and referring to a complaint filed by another party sufficient to constitute a complaint in and of itself.[4]

■ The Court, however, is not totally unsympathetic to Agway Insurance Company's plight. In its letter addressed and sent to the Court, Agway Insurance Company expressed an interest in joining the complaint filed by Maine Bonding & Casualty Co. Rule 20 of the Federal Rules of Civil Procedure, as made applicable to bankruptcy proceedings under Bankruptcy Rule 7020, provides that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." *See* F.R.Civ.P. 20(a); Bankruptcy Rule 7020. No party in this action has sought relief in reliance upon Rule 20. While this Court, therefore, makes no finding as to the availability of Rule 20 in these proceedings, the Court nevertheless feels that the underlying purpose of Rule 20 is relevant. The purpose is "not to lay a subtle snare for the unwary pleader, but rather to avoid multiple lawsuits involving similar or identical issues, except where a showing of oppression, prejudice, or delay is made." *Goodman v. H. Hentz & Co.*, 265 F.Supp. 440, 443 (D.C.Ill.1967). Should Agway Insurance Company now be allowed to join Maine Bonding & Casualty Co's complaint, and be allowed to object to the debtor's discharge only on the grounds stated in that complaint, the debtor would suffer no oppression, prejudice, or delay. Maine Bonding & Casualty Co. has alleged that

the motion is made after the expiration date. *See* Bankruptcy Rule 9006(b)(3). Even if the excusable neglect test were to be applied, however, this Court cannot find that the plaintiff's failure to timely file its objections to discharge and its objections to the dischargeability of a specific debt was the result of any excusable neglect.

**4.** The fact that the Deputy Clerk failed to instruct Agway Insurance Company to formally

file a separate complaint is of no consequence. Certainly an attorney-at-law should be more knowledgeable than a deputy clerk of the correct form and nature of a complaint objecting to a debtor's discharge. While he may consult with a deputy clerk should questions arise as to the procedures involved, the attorney should not be excused from performing his duties and responsibilities upon sole reliance of the advice, or lack thereof, of a deputy clerk.

the debtor filed inaccurate schedules and failed to disclose significant assets of the debtor's estate with an intent to hinder, delay, and defraud creditors in violation of §§ 727(a)(2)(B), 727(a)(3), 727(a)(4)(A), 727(a)(4)(B), and 727(a)(7). To permit Agway Insurance Company, by its letter dated June 15, 1984, to now join in that action places no greater burden on the debtor than would have existed had Agway Insurance Company not become involved in these proceedings.

While the debtor's motion to dismiss the complaint filed by Agway Insurance Company on July 20, 1984 is granted, Agway Insurance Company shall be allowed to object to the debtor's discharge on the grounds found within the complaint filed by Maine Bonding & Casualty Co.

Enter Order.