In re Fred Joseph DAMBRIE, II, d/b/a Dambrie/Pizzo Development, d/b/a Dambrie Properties, Debtor

UNITED STATES of America, Plaintiff,

v.

Fred Joseph DAMBRIE, II, d/b/a Dambrie/Pizzo Development, d/b/a Dambrie Properties, Defendant.

Bankruptcy No. 92–20350.
Adv. No. 92–2101.

United States Bankruptcy Court,
D. Maine.

April 14, 1993.

Frederick C. Emery, Jr., Asst. U.S. Atty., Portland, ME, for plaintiff.

P. Benjamin Zuckerman, Verrill & Dana, Portland, ME, for defendant.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Chief Judge.

The United States of America, on behalf of the Department of Housing and Urban Development ("Plaintiff"), brought this three-count complaint pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4) or (a)(6) to establish the nondischargeability of debts owed by Fred Joseph Dambrie, II ("Defendant") to Plaintiff. Defendant has filed a motion to dismiss on the grounds that the complaint is time-barred due to Plaintiff's failure to adhere to the time restraints set forth in F.R.Bky.P. 4007(c).[1]

Defendant originally filed a Chapter 7 petition in the Southern District of Florida (Dkt. # 91–24578) on December 12, 1991. On December 23, 1991, the Florida Clerk's office mailed all creditors, including Plaintiff, a notice of case commencement (the "First Notice") which fixed January 17, 1992 as the date for the first meeting of creditors. The First Notice also indicated the deadline for filing complaints objecting to the debtor's discharge or to determine the dischargeability of debts as March 17, 1993, (the "First Bar Date"), i.e. sixty days after the creditors' meeting as provided by

---

1. Defendant's motion to dismiss is also grounded on Plaintiff's failure to plead fraud with particularity, which will be unnecessary for the Court to determine at this time.

F.R.Bky.P. 4007(c).[2] Shortly thereafter, Creditor Fleet Bank of Maine successfully moved to transfer venue of Defendant's case to the District of Maine over Defendant's objection. By order dated February 27, 1992, the Florida Bankruptcy Court ordered the case be transferred "forthwith" to Maine.

The Court in Florida, however, did not immediately effect the transfer of the case, but the docket sheet indicates that on March 17, 1992, the First Bar Date, the Florida clerk's office discharged the current trustee and closed the case. A Notice of Transfer was untimely issued on March 23, 1992, the date the case was in fact transferred to the District of Maine, where it was received on March 26, 1992 and assigned the new, present docket number. Finally, the Maine Clerk's office mailed out a second notice of case commencement (the "Second Notice"), with a new creditors' meeting date of May 4, 1992 and a corresponding bar date of July 6, 1992 (the "Second Bar Date"). Prior to the Second Bar Date, on July 1, 1992, Plaintiff filed a motion to extend time to file this complaint pursuant to § 523(a). Over Defendant's objection, this Court allowed the extension through October 6, 1992, on which day the present complaint was actually filed.[3]

Defendant contends the complaint was untimely filed after the First Bar Date, given the mandate in F.R.Bky.P. 4007(c) that a complaint to determine the dischargeability of a debt must be filed no later than 60 days after the date first set for the creditors' meeting, and any request to extend that period must be made prior to its expiration. Further, F.R.Bky.P. 9006(b) regarding limited enlargements of time provides, "The Court may enlarge the time

for taking action under Rules ... 4007(c) ... only to the extent and under the conditions stated in those rules." F.R.Bky.P. 9006(b)(3).

It is undisputed that Plaintiff failed to file its complaint prior to the First Bar Date or request an extension thereof. This Court, in *In re Grant*, 45 B.R. 265 (Bankr. D.Me.1984), ruled that this Court has no discretion to enlarge the 60–day period at issue unless there is strict compliance with the rules. Various courts have carved out exceptions to this rule based on "exceptional" or "unique" circumstances, or due to prejudice to a creditor who detrimentally relies upon a court error in sending out a second notice of case commencement.

This Court does not consider the change of venue to be such an extraordinary circumstance to warrant this Court's use of its equitable powers to retroactively extend the bar date for this sophisticated creditor. Nor is it plausible for Plaintiff to maintain that it detrimentally relied upon the Second Notice, because the First Bar Date had passed before the Second Notice was issued. Only if the Second Notice were issued prior to the expiration of the First Bar Date would Plaintiff have been lulled into complacency and thus be entitled to equitable relief. In this case, the erroneous issuance of the Second Notice by the clerk's office was simply a fortuitous event which cannot now excuse Plaintiff's inaction before the First Bar Date. Plaintiff is charged with knowledge of the Bankruptcy Rules and, given its notice of the case and the First Bar Date, could have at least attempted to file a motion for extension prior thereto. Its failure to do so must result in the dismissal of its complaint.[4]

---

2. F.R.Bky.P. 4007(c) provides:

   A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

3. Despite this Court's granting of Plaintiff's motion for extension of the bar date, it appears that no hearing was held and that this Court was not fully apprised of all the relevant facts. Therefore, this cannot form the basis for a denial of Defendant's motion.

4. This Court is aware of Plaintiff's reliance on *In re Wellman*, 89 B.R. 880 (Bankr.D.Colo.1988), but finds it distinguishable due to the court's

Therefore, Defendant's motion to dismiss is granted.

The foregoing constitutes findings of fact and conclusions of law pursuant to F.R.Bky.P. 7052.

specific limitation of its holding to the facts and circumstances before it. Therein, the court specifically limited its holding to the facts presented at a hearing, including evidence regarding the appropriateness of debtor's original venue. Here, Plaintiff has merely alleged impropriety by the debtor unsupported by any evidence.