PER CURIAM:
 

 From when does the 60-day period in Bankruptcy Rule 4007(c) run?
 

 Background
 

 On January 30, 1990, debtor petitioned for Chapter 7 relief, listing a $3,300,000 judgment owing to the plaintiffs in this case. On February 7,1990, the bankruptcy court set the first meeting of creditors for March 9, 1990. This order also fixed May 8, 1990, “as the last day for filing complaints, as provided in 11 U.S.C. Section
 
 *1001
 
 523(c), to determine the dischargeability of debts claimed to be nondischargeable.” Plaintiffs’ California counsel was not immediately notified that the petition had been filed, but the record reflects they knew by March 12,1990, early enough to have counsel present at the first meeting of creditors which, after a continuance, was held on March 30, 1990. Plaintiffs filed their non-dischargeability complaint on May 10,1990, two days after the deadline fixed by Bankruptcy Rule 4007(c). The complaint was dismissed as untimely because the period for filing had run, and plaintiffs had not filed a motion for extension of time. Plaintiffs now seek to set aside that dismissal.
 

 Discussion
 

 A. Bankruptcy Rule 4007(c) provides in pertinent part: “A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).” Plaintiffs argue the time for filing a complaint starts running from the date the first meeting actually takes place, rather than the date for which it is first scheduled. We cannot agree. The rule makes the deadline 60 days after the “first date
 
 set”
 
 for the meeting, not the date the hearing is actually held.
 
 “[H]eld
 
 pursuant to § 341(a)” simply describes the type of meeting being scheduled.
 
 See In re Burke,
 
 95 B.R. 716, 717 (9th Cir. BAP 1989);
 
 In re Rhodes,
 
 61 B.R. 626, 629 (9th Cir. BAP 1986).
 

 Plaintiffs advance various policy arguments supporting their interpretation of the rule. They observe that section 341 meetings are meant to give creditors a chance to gather information for use in their nondischargeability complaints, and that it is possible for the first meeting to be continued for so long that the complaints are due before the meeting takes place. But the rule itself provides the appropriate remedy for this problem—the right to move for an extension of time.
 

 We therefore hold the 60 day deadline set out in Rule 4007(c) runs from the first date set for the section 341(a) meeting.
 

 B. Plaintiffs also seek equitable relief from the limitations period on the ground that the debtor notified only plaintiff Kelly’s counsel, and not Courson and Schlueter. Yet plaintiffs concede that they got actual notice by March 12, 1992. Appellant’s Brief at 5. This left them 57 days before the deadline for filing a complaint. We affirm the denial of equitable relief because “[c]ounsel for the appellants] in the present appeal was given actual notice of the bankruptcy proceedings in time to file a complaint, or at least to file a timely motion for extension of time.”
 
 In re Price,
 
 871 F.2d 97, 99 (9th Cir.1989) (62 days before deadline is sufficient notice). We note also that Rule 4007(c) provides that the creditors must have notice of the filing deadline at least 30 days before it will arrive; this implies that notice of more than 30 days is enough time to either prepare a complaint or file a motion for an extension.
 
 See
 
 Bankruptcy Rule 4007(c);
 
 see also In re Dewalt,
 
 961 F.2d 848, 851 (9th Cir.1992) (thirty days of actual notice is benchmark for determining appropriateness of equitable relief).
 

 [3] C. Finally, plaintiffs argue they should have been relieved from the 4007(c) deadline under Federal Rule of Civil Procedure 60(b) (providing relief for excusable neglect).
 
 In re Hill,
 
 811 F.2d 484, 485-87 (9th Cir.1987), which held that bankruptcy courts may not enlarge the Rule 4007 filing period based on excusable neglect, disposes of that contention.
 
 [1]
 

 AFFIRMED.
 

 [1]
 

 . The Supreme Court's decision in
 
 Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership,
 
 — U.S.-, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), does not compel a different result.
 
 Pioneer
 
 interpreted the meaning of excusable neglect under Rule 9006(b)(1), which allows enlargement of time for excusable neglect “[e]xcept as provided in paragraphs (2) and (3) of this subdivision.” Paragraph (3) says "[t]he court may enlarge the time for taking action under Rule[] ... 4007(c) ... only to the extent and under the conditions stated in [that] rule[ ].” Rule 4007(c) provides in turn that any motion for extension of time “shall be made before the time has expired.” As we explained in
 
 Hill,
 
 this language forecloses application of the excusable neglect standard.
 
 See
 
 811 F.2d at 486.