**In re Gary H. GRAY, Debtor.**

**Bankruptcy No. 93–10102.**

United States Bankruptcy Court,
D. Maine.

July 16, 1993.

Peter C. Fessenden, Ranger, Fessenden, Copeland & Smith, Brunswick, ME, for debtor.

Charles W. Hodsdon II, Bangor, ME, for movants.

### MEMORANDUM OF DECISION

JAMES B. HAINES, Jr., Bankruptcy Judge.

On June 28, 1993, this court denied a motion seeking an extension of the time within which to file objections to discharge and dischargeability complaints. The aggrieved creditors have moved for reconsideration. For the reasons set forth below, the motion for reconsideration must be denied.

### FACTS[1]

Gary H. Gray, f/d/b/a Foresite Construction ("Gray" or the "debtor"), filed a voluntary Chapter 7 petition on February 19, 1993. He scheduled Federico R. Alzerreca, Robin Alzerreca and Ruth Alexander ("movants") as creditors.[2]

On February 25, 1993, the clerk issued notice of Gray's bankruptcy and of the § 341 meeting of creditors. In accordance with Fed.R.Bankr.P. 4004(a) (objections to discharge) and 4007(c) (dischargeability determinations under § 523(c)), the notice set June 11, 1993 as the last date for filing complaints objecting to Gray's discharge or seeking a dischargeability determination for certain debts.[3]

The movants did not file their dischargeability complaint within Bankruptcy Rule 4007(c)'s sixty-day period. Neither did they move for an extension of the sixty-day period before it expired.

On June 25, 1993, movants filed their motion seeking an extension of the Bankruptcy Rule 4007(c) period so that they could initiate a dischargeability action. In support of the motion, their attorney explained that he received notice of the bar date near the time it issued and recorded it on his office docket control calendar; that his mother suffered a heart attack on June 4 and died on June 7, 1993; that from June 4 through June 12 he was not at work; that, upon his return to work on June 14, he did not review the docket control calendar for the week past; that he was out of his office from June 18–21; and that, although notice of the debtor's discharge arrived at his office on June 18, he did not see it until June 21, 1993.[4] As a conse-

---

1. The facts, drawn from the original motion, the motion for reconsideration, the court's files and movants' attorney's affidavit, are not in dispute. This memorandum recites those facts and sets forth conclusions of law in accordance with Fed.R.Bankr.P. 7052 and 9014.

   Unless otherwise indicated, all citations to statutory sections are to the Bankruptcy Reform Act of 1978 (the "Bankruptcy Code" or the "Code"), as amended, 11 U.S.C. § 101 *et seq.*

   Throughout this opinion, reference will be made to both Federal Rules of Bankruptcy Procedure and to Federal Rules of Civil Procedure. To avoid confusion, shorthand reference to the former will be "Bankruptcy Rule ___;" shorthand references to the latter will be "Rule ___."

2. The Alzerrecas and Ms. Alexander have sued the debtor in state court, seeking compensatory and punitive damages for alleged breaches of a construction contract. The state court action remains stayed by these bankruptcy proceedings. 11 U.S.C. § 362(a)(1).

3. Because movants assert that the basis for non-dischargeability is § 523(a)(4), under § 523(c) and Bankruptcy Rule 4007(c) they were required to file a complaint within the time set in the notice.

4. Counsel's affidavit states that he "was not cognizant of the deadline for filing until reviewing the Discharge of the Debtor on June 21, 1993."

quence of these events, neither the complaint nor the motion for an extension of time were filed before the bar date.

## DISCUSSION

Read generally, movants' pleading seeks relief by way of three distinct theories: (1) extension of the time set for filing a dischargeability complaint under Fed. R.Bankr.P. 4007(c) or 9006; (2) relief from the order of discharge under Fed. R.Bankr.P. 9024 and Fed.R.Civ.P. 60(b); and correction of error to effect substantial justice under Fed.R.Bankr.P. 9005 and Fed. R.Civ.P. 61. None is availing.

The circumstances here are both unfortunate and compelling. They invite a sympathetic exercise of equitable powers to annul a default that was not, in any direct sense, the fault of movants' counsel. I am, however, without power to do so.

■ "[W]hatever ... powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 968–69, 99 L.Ed.2d 169 (1988); *In re SPM Manufacturing Corp.,* 984 F.2d 1305, 1311 (1st Cir.1993). To the extent consistent with due process, the bankruptcy court's powers are similarly constrained by the Federal Rules of Bankruptcy Procedure. *Taylor v. Freeland & Kronz,* 503 U.S. ——, ——, 112 S.Ct. 1644, 1649, 118 L.Ed.2d 280 (1992) (The Court has "no authority to limit the application of § 522(1)" beyond the language of Fed.R.Bankr.P. 4003(b)).[5] *See In re Walker,* 149 B.R. 511, 516 (Bankr.N.D.Ill.1992) (providing relief from procedural rule's requirement when failure to do so would abridge due process rights).

In light of counsel's statement that he received the bar date notice and noted it on his calendar, this statement must mean that counsel was not *reminded* of the bar date until June 21.

**5.** "As a general matter, the Code defines the creation, alteration or elimination of substantive rights but the Bankruptcy Rules define the

### 1. Extension of Time.
#### a. Bankruptcy Rule 4007(c).

The motion for extension of time (and reconsideration of its denial) are governed by Bankruptcy Rule 4007(c):

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be made before the time has expired.* (Emphasis supplied.)

■ Although the rule authorizes the court to extend the sixty-day period on motion "for cause," its express requirement that such a motion be made "before the time has expired" is binding. *U.S. v. Dambrie (In re Dambrie),* 153 B.R. 602 (Bankr.D.Me.1993); *Agway Ins. Co. v. Grant (In re Grant),* 45 B.R. 265 (Bankr. D.Me.1984). *Accord, Allred v. Kennerley (In re Kennerley),* 995 F.2d 145, 146–47 (9th Cir.1993); *Kelly v. Gordon (In re Gordon),* 988 F.2d 1000, 1001 (9th Cir.1993); *In re Compton,* 891 F.2d 1180 (5th Cir.1990); *Byrd v. Alton (In re Alton),* 837 F.2d 457, 459 (11th Cir.1988) (per curiam); *Neeley v. Murchison,* 815 F.2d 345 (5th Cir.1987); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., v. Rockmacher (In re Rockmacher),* 125 B.R. 380, 383 (S.D.N.Y.1991); *Suburban Bank of Cary–Grove v. Riggsby (In re Riggsby),* 66 B.R. 329, 334 (N.D.Ill.1986); *Ottawa County Abstract and Title v. Barton (In re Barton),* 82 B.R. 50, 51 (W.D.Mich.1985); *Estate of Hanson v. Walgamuth (In re Walgamuth),* 144 B.R. 465, 467–68 (Bankr.D.S.D.1992) (collecting cases).[6]

process by which these privileges may be effected." *Hanover Indus. Mach. Co. v. Am. Can Co. (In re Hanover Indus. Mach. Co.),* 61 B.R. 551, 552 (Bankr.E.D.Pa.1986).

**6.** *In re Dambrie* observes that some courts have carved out exceptions to the 60–day rule based on "exceptional" or "unique" circumstances.

■ Movants' first attempt to clear the bar date was brought as a motion for "enlargement of time." But it was filed two weeks after the rule's time period expired. Because it was untimely, it was denied. No relief is available under Bankruptcy Rule 4007(c).

### b. Bankruptcy Rule 9006.

Movants urge that relief should issue because their failure to file a motion for extension of time before the sixty-day period expired was due to counsel's excusable neglect.

■ In *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership (In re Pioneer Investment Services Co.)*, 507 U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court elucidated "excusable neglect" under Fed.R.Bank.P. 9006(b)(1). Excusable neglect "contemplate[s] that the courts would be permitted, *where appropriate*, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." —— U.S. at ——, 113 S.Ct. at 1495 (emphasis supplied). But not all circumstances are appropriate for application of the excusable neglect standard. Although some rules permit relief from orders or from the consequences of default upon a showing of excusable neglect, such relief is sometimes expressly unavailable. 507 U.S. at ——, 113 S.Ct. at 1497.[7]

■ Such is the case here. Fed. R.Bankr.P. 9006(b)(1) deals with enlargement of time generally and recognizes excusable neglect as a basis for relief.[8] Bankruptcy Rule 9006(b)(3) addresses enlargement of the time for filing a motion under Bankruptcy Rule 4007(c). It makes no allowance for excusable neglect. Rather, it reinforces Bankruptcy Rule 4007(c)'s requirement that the enlargement be sought before the sixty-day period expires when it states that, "The court may enlarge the time for taking action under Rule ... 4007(c) ... only to the extent and un-

153 B.R. at 603. The reference is apparently to cases addressing the effect of Bankruptcy Rule 4007(c) where untimely filing or a motion to enlarge is the result of incorrect notice, or no notice, of the bar date. *See, e.g., Anwiler v. Patchett (In re Anwiler)*, 958 F.2d 925 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 236, 121 L.Ed.2d 171 (1992); *In re Walker,* 149 B.R. at 516; *American Express Centurion Bank v. Schoofs (In re Schoofs),* 115 B.R. 1, 2–3 (Bankr. D.Colo.1990) (collecting cases). Such cases may properly be viewed as invoking the court's equitable powers to correct its own mistakes. *In re Anwiler,* 958 F.2d at 927–28 (citing *Grant v. Riso (In re Riso),* 48 B.R. 244 (Bankr.D.N.H.), *aff'd* 57 B.R. 789 (D.N.H.1986)). Because movants do not dispute that they received adequate notice of the bar date, the pending motion does not raise that issue.

The rule of decision is set out succinctly by *In re Grant:*

> [Plaintiff] contends that the Court, in its discretion, may extend the time for filing complaints under § 727 and § 523. This Court does not agree. The Court may only extend the 60–day time period upon motion of a party in interest before the time has expired.

45 B.R. at 266 (citations and footnote omitted).

**7.** As an example, the Supreme Court cited Fed. R.Civ.P. 60(b), under which excusable neglect becomes unavailable as a ground for relief after one year:

> Rule 60(b)(1) ... permits courts to reopen judgments for reasons of "mistake, inadvertence, surprise, or excusable neglect," but only on motion made within one year of the judgment. Rule 60(b)(6) goes further, however, and empowers the court to reopen a judgment even after one year has passed for "any other reason justifying relief from the operation of the judgment." These provisions are mutually exclusive, and thus a party who failed to take timely action due to "excusable neglect" may not seek relief more than a year after the judgment by resorting to subsection (6). *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 863, and n. 11, 108 S.Ct. 2194, 2205, and n. 11, 100 L.Ed.2d 855 (1988).

507 U.S. at ——, 113 S.Ct. at 1497. *See also Klapprott v. United States,* 335 U.S. 601, 613, 69 S.Ct. 384, 389–90, 93 L.Ed. 266 (1949); *United States v. Parcel of Land with Buildings, Appurtenances and Improvements,* 928 F.2d 1, 5 (1st Cir.1991).

**8.** Fed.R.Bankr.P. 9006(b)(1) states, in pertinent part:

> Except as provided in paragraphs (2) and (3) of this subsection, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... (2) on motion made after the expiration of the specified period permit the act to be done

der the conditions stated in [that] rule." *See Juniper Development Group v. Kahn (In re Hemingway Transport, Inc.)*, 993 F.2d 915, 926 n. 10 (1st Cir.1993) (under Bankruptcy Rules 3002(c) and 9006(b)(3), in Chapter 7 cases claims must be filed or a motion for extension made within rule's 90–day deadline; relief for excusable neglect under Bankruptcy Rule 9006(b)(1) is unavailable). *Compare In re Pioneer Investment Services Co., supra* (in Chapter 11 cases, under Bankruptcy Rule 9006(b)(1), excusable neglect governs extension of time for filing proofs of claim as set by the court under Bankruptcy Rule 3002(c)(3)).

■ I have no doubt that the circumstances before me would qualify as "excusable neglect" with regard to the period after June 3, 1993.[9] But here I could apply excusable neglect analysis only by ignoring the command of Bankruptcy Rule 9006(b)(3), a thing I cannot do.[10]

### 2. Relief From the Discharge Order: Bankruptcy Rule 9024.

Movants refer Fed.R.Bankr.P. 9024, seeking relief from the order granting the debtor his discharge.[11] In essence, they seek revocation of the discharge order so that they may continue to pursue their claims.

This court has recognized that, in appropriate circumstances, a debtor may obtain relief from a discharge order via motion brought under Fed.R.Bankr.P. 9024 and Fed.R.Civ.P. 60(b). *In re Tardiff*, 137 B.R. 83, 86 (Bankr.D.Me.1992), *vacated*, 146 B.R. 499 (D.Me.1992); *on remand*, 145 B.R. 357 (Bankr.D.Me.1992). However, the Code requires that creditors seeking to revoke a discharge order travel another route and meet a different standard:

> A discharge may be revoked only upon the request of the trustee, a creditor or the United States Trustee; and revocation is available only upon specified grounds and within a period of time no more than one year after the discharge is granted or the case is closed. 11 U.S.C. § 727(d), (e). The revocation request must be brought as an adversary complaint. F.R.Bankr.P. 7001(4). *See In re Pankey*, 122 B.R. 710, 712 (Bankr. M.D.Tenn.1991); *In re Leiter*, 109 B.R. 922, 925 (Bankr.N.D.Ind.1990).

*In re Tardiff*, 137 B.R. at 96 (footnote deleted).[12]

---

where the failure to act was the result of excusable neglect.

**9.** In ruling on the motion for extension of time, this court noted that, although counsel's delay after June 4 was understandable, there was no explanation why a dischargeability complaint was not filed earlier. Counsel responds that prescience is not a requirement for the practice of law and that he could properly wait until the final moments of the sixty-day period to file a complaint or a motion for extension. Although both points are well taken, the court observes that counsel placed himself in a position where last-minute work was required.

**10.** The Federal Rules of Bankruptcy Procedure are to be liberally construed "to secure the just ... determination of every case and proceeding." Fed.R.Bankr.P. 1001. *See* Fed.R.Civ.P. 1; *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir.1989). However, the spirit of liberal construction does not allow the court to ignore procedural rules altogether. *See, e.g., G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 666 (7th Cir.1989) (Fed.R.Civ.P. 16); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 446 (D.C.Cir.1987) (Fed.R.Civ.P. 4); 4 Charles A. Wright and Ar-

thur B. Miller, *Fed. Practice and Proc.* § 1029 n. 12 (collecting cases).

**11.** Gray received his discharge by order of this court on June 17, 1993.

Rule 9024 provides that "Rule 60 FR Civ P applies in cases under the Code except that ... (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code...." Rule 60(b) states, in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reason[ ] (1) ... not more than one year after the judgment, order, or proceeding was entered or taken.... [T]he procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

**12.** 11 U.S.C. § 727:

(d) On request of the trustee, a creditor, or the United States trustee, and after notice and a

As a final point, it must be clear that the movants cannot attack the debtor's discharge only insofar as it applies to them by characterizing their attempt as a motion for "relief from" the discharge order, and proceeding under the excusable neglect provision of Bankruptcy Rule 9024 and Rule 60(b)(1). It was passage of the Bankruptcy Rule 4007(c) deadline that foreclosed their dischargeability action. And it was entry of the discharge that wiped out their claim. They may not circumvent the timely action requirement of the bankruptcy rules, invoke the excusable neglect standard expressly withheld by Bankruptcy Rule 9006(b)(3) or avoid the substantive and procedural prerequisites to discharge revocation by seeking a novel (and unavailable) form of relief, *i.e.* post-entry modification of the discharge to except their claim so that they may pursue a nondischargeability action.

### 3. Relief Under Bankruptcy Rule 9005.

Finally, the motion for reconsideration urges this court to:

> comply with the mandate proclaimed in Rule 61 F.R.Civ.P., to take such action as is consistant [sic] with substantial justice to correct an error or defect in the proceedings which effects [sic] the substantial rights of the parties by modifying

the Discharged [sic] Order dated June 16, 1993.

Motion for reconsideration at 3. Rule 61 applies in bankruptcy proceedings under Fed.R.Bankr.P. 9005.[13]

Granting relief under this general provision would: (1) contravene the specific dictates of Bankruptcy Rules 4007(c) and 9006(b)(1) and (2) work a revocation of discharge outside the governing statutory requirements of § 727(d) and (e). Thus, the cited rules may not be invoked to cure movants' errors of omission. In other respects, there has been no "defect or error" in the court's orders or proceedings. *Cf., e.g., In re Anwiler,* 958 F.2d at 928 (court has equitable power to correct its own errors); *In re Schoofs,* 115 B.R. at 4 (power to remedy effects of inaccurate notice); *In re Riso,* 48 B.R. at 247 (court may exercise equitable powers to remedy its mistakes).

### CONCLUSION

Notwithstanding the unfortunate circumstances surrounding this motion, the Federal Rules of Bankruptcy Procedure paint this matter in black and white. The motion for reconsideration must be DENIED.

A separate order will issue forthwith.

hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; or
(3) the debtor committed an act specified in subsection (a)(6) of this section.
(e) The trustee, a creditor, or the United States trustee may request a revocation of a discharge—
(1) under subsection (d)(1) of this section within one year after such discharge is granted; or
(2) under subsection (d)(2) or (d)(3) of this section before the later of—

(A) one year after granting of such discharge; and
(B) the date the case is closed.

**13.** Rule 9005 states, "Rule 61 FR Civ P applies in cases under the Code. When appropriate, the court may order the correction of any error or defect or the cure of any omission which does not affect substantial rights."

> Fed.R.Civ.P. 61 provides:
> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.