**In re IDAHO NORLAND CORPORATION a/k/a Idaho Norland, see Norland, Schmidt Engineering, Debtor.**

**Bankruptcy No. 91–02751.**

United States Bankruptcy Court,
D. Idaho.

Sept. 21, 1993.

Craig W. Christensen, Pocatello, for Trustee.

Alan Goodman, Rupert, ID, for Bailey Oil.

## SUMMARY ORDER

JIM D. PAPPAS, Chief Judge.

Trustee's Objection to Claim of Bailey Oil Co., Inc. (Bailey Oil) and Bailey Oil's Motion to Allow Late Filed Claim are be-

fore the Court on an uncontroverted set of facts. The issue presented is a question of law which will be addressed herein.

Idaho Norland Corporation filed for Chapter 7 relief on August 21, 1991. On August 23 the Clerk's Office sent a Notice of the Commencement of the Case and Meeting of Creditors to the creditors listed on the mailing matrix, which included Bailey Oil. Contained in the Notice was the January 5, 1992 "Deadline to File a Proof of Claim." Bailey Oil contacted counsel for representation but as a result of counsel's "inadvertence and/or neglect" the proof of claim for Bailey Oil was not filed until January 13, 1992, which is admittedly untimely. Bailey Oil filed a Motion to Allow Late Filed Claim based in part on the Supreme Court case of *Pioneer Investment Services Co. v. Brunswick Associates Limited,* — U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), which it argues is applicable to claims not timely filed in a Chapter 7 because of "excusable neglect."

"Rule 9006 confers discretion upon the bankruptcy court to permit acts to be performed after the expiration of [a] time limit if the offending party's motion demonstrates the lateness was the result of 'excusable neglect.'" *In re Hill,* 811 F.2d 484, 486 (9th Cir.1987). The Supreme Court in *Pioneer Investment* held that the " 'excusable neglect" standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases. However, the problem with applying the "excusable neglect" standard to Chapter 7 cases is twofold.

To begin with, the Supreme Court *in dicta* in *Pioneer Investment* explains that the "excusable neglect" standard should not apply in Chapter 7 cases. *Pioneer Investment,* — U.S. at ——, 113 S.Ct. at 1495. Second, the Supreme Court's reasoning is based upon a reading of the Bankruptcy Rules themselves. Rule 9006(b)(3) forecloses the application of the "excusable neglect" standard under certain bankruptcy rules. Included in the rules listed in Rule 9006(b)(3) is Rule 3002(c) which governs the time for filing a proof of claim in a

Chapter 7 liquidation case. As such, "[t]he court may enlarge the time for taking action under Rule[ ] ... 3002(c), ... only to the extent and under the conditions stated in [that] rule[ ]." F.R.B.P. 9006(b)(3). "Rule 9006(b) plainly allows an extension of the 90–day time limit established by Rule 3002(c) only under the conditions permitted by Rule 3002(c). Rule 3002(c) identifies six circumstances where a late filing is allowed and excusable neglect is not among them. Thus, the 90–day deadline for filing claims under Rule 3002(c) cannot be extended for excusable neglect." *In re Coastal Alaska Lines, Inc.*, 920 F.2d 1428, 1432 (9th Cir.1990). The Supreme Court's decision in *Pioneer Investment* does not compel a different result. *Cf. In re Gordon*, 988 F.2d 1000 (9th Cir.1993) (Court held that the Supreme Court's decision in *Pioneer Investment* did not compel that excusable neglect may enlarge the time for taking action under Rule 4007(c) which, like Rule 3002(c), is a rule enumerated in 9006(b)(3)).

Accordingly, IT IS HEREBY ORDERED that Bailey Oil's Motion to Allow Late Filed Claim is DENIED; the Trustee's Objection to Claim of Bailey Oil is SUSTAINED; the claim is disallowed as a timely filed claim, but is allowed as a tardily filed claim pursuant to 11 U.S.C. § 726(a)(3).