LURE LAUNCHERS, LLC, Appellant,

v.

Timothy E. SPINO, Appellee.

BAP No. MW 03–066.
Bankruptcy No. 02–47497–JBR.

United States Bankruptcy Appellate Panel
of the First Circuit.

March 19, 2004.

Carl D. Aframe, Worcester, MA, on brief for Appellant.

Steven A. Kressler, Worcester, MA, on brief for Appellee.

Before CARLO, DEASY, and KORNREICH, U.S. Bankruptcy Appellate Panel Judges.

DEASY, Bankruptcy Judge.

This matter is before the Panel on an appeal from a July 10, 2003, order (the "Order") entered by the United States Bankruptcy Court for the District of Massachusetts denying a motion by Lure Launchers, LLC (the "Appellant") to fur-

ther extend the deadline to object to discharge and dischargeability (the "Motion").[1] For the reasons discussed below, the Order is AFFIRMED.

## BACKGROUND

Timothy Spino (the "Debtor") filed a voluntary chapter 7 petition on December 16, 2002. Originally, the § 341[2] creditors' meeting was scheduled for January 16, 2003, and the last date to object to discharge and dischargeability was set for March 17, 2003. The § 341 meeting was not held on January 16, 2003; instead, it was continued twice and was finally held on March 13, 2003. The Appellant timely filed an emergency motion seeking to extend the deadline to object to the Debtor's discharge under § 727 and the dischargeability of the Debtor's obligations to the Appellant under § 523. The Appellant's emergency motion was granted and May 19, 2003, was set as the new deadline. In separate timely motions filed by the United States Trustee, another creditor and the Appellant, the bankruptcy court later extended the deadline to object to the Debtor's discharge to June 16, 2003, and the deadline to object to the dischargeability of the Debtor's obligations to the Appellant was also extended to that date.

On June 17, 2003, one day after the deadline for the Appellant to object to the Debtor's discharge and the dischargeability of his obligations to the Appellant, the Appellant filed the Motion. On July 10, 2003, the bankruptcy court held a hearing

1. The Motion sought to extend the deadline for objecting to both the Debtor's discharge under § 727 and the dischargeability of his obligations to the Appellant under § 523. At oral argument the Appellant clarified that it was concerned only with the deadline for objecting under § 523 because the deadline to object to the Debtor's discharge under § 727 had been extended due to timely filed motions by other parties. However, this distinction is not significant as the analysis is the same whether the Motion sought an extension under § 523, § 727 or both. In any event, the Panel will deal with the bankruptcy court's denial of the relief sought in the Motion.

2. Unless otherwise indicated, all references to "section", "§ " and "Bankruptcy Code" refer to Title 11 of the United States Code.

regarding the Motion. At the hearing, the Appellant argued that the bankruptcy court should grant the Motion because the June 16, 2003, deadline was not jurisdictional and the Motion had been filed one day late due to excusable neglect. At the hearing, Appellant's counsel explained that both he and his secretary had mistakenly calendared the June 16, 2003 date as June 19, 2003, due to confusion arising from previous deadlines, and extensions of those deadlines, and the date of the last bankruptcy court order extending the deadline. The bankruptcy court found no excusable neglect and denied the Motion in an order dated July 10, 2003 (the "Order"). This appeal followed.

### *JURISDICTION*

A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1)] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 646 (citations omitted). An interlocutory order "'only decides some intervening matter pertaining to the cause, and requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.'" *Id.* (*quoting In re American Colonial Broad. Corp.*, 758 F.2d 794, 801 (1st Cir.1985)). A bankruptcy appellate panel is duty-bound to determine its jurisdiction before proceeding to the merits even if not raised by the litigants. *See In re George E. Bumpus, Jr. Constr. Co.*, 226 B.R. 724 (1st Cir. BAP 1998).

The Motion sought to extend the deadline for objecting to both the Debtor's discharge under § 727 and the dischargeability of his obligations to the Appellant under § 523. The Order denied the Motion in its entirety. At oral argument the Appellant clarified that it was concerned only with the deadline for objecting under § 523 because the deadline to object to the Debtor's discharge under § 727 had been extended due to timely filed motions by other parties. To the extent that the Order denied the Appellant's request for an extension of time to object to the Debtor's discharge under § 727, it is not a final appealable order because it did not conclusively determine whether a complaint under § 727 may be filed in the bankruptcy case. *Fleet Data Processing*, 218 B.R. at 647. To the extent that the Order denied the Appellant's request for an extension of time to object to the dischargeability of the Debtor's obligations to the Appellant, it is a final order because it did conclusively determine that any complaint which the Appellant may wish to file would be untimely. *See Suburban Bank of Cary Grove v. Riggsby (In re Riggsby)*, 745 F.2d 1153, 1154 (7th Cir.1984) (holding that the bankruptcy court's dismissal of a complaint objecting to discharge is final) (*citing In re Saco Local Dev. Corp.*, 711 F.2d 441, 443 (1st Cir.1983)).

### *STANDARD OF REVIEW*

Appellate courts reviewing an appeal from the bankruptcy court generally apply the clearly erroneous standard to findings of fact and *de novo* review to conclusions of law. *See T I Fed. Credit Union v. DelBonis*, 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.)*, 43 F.3d 714, 719–20, n. 8 (1st Cir. 1994). The interpretation of the language in a rule or statute is a question of law which we review *de novo*. *Jones v. Hill (In re Hill)*, 811 F.2d 484, 485 (9th Cir.

1987). However, we review the bankruptcy court's determination regarding the existence of excusable neglect for abuse of discretion. *Jones v. Chemetron Corp.*, 212 F.3d 199, 205 (3d Cir.2000); *State Bank of Southern Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1084–85 (10th Cir.1996).

## DISCUSSION

### A. No Discretion to Extend Deadline

■ Federal Rule of Bankruptcy Procedure ("Rule") 9006(b)(1) states the general rule that a bankruptcy court may at any time in its discretion, for cause shown, enlarge the time period in which an act is required or allowed to be done. However, Rule 9006(b)(3) limits the bankruptcy court's discretion in certain circumstances by providing, *inter alia*, that a bankruptcy court may enlarge the time for taking action under Rule 4007(c) only to the extent and under the conditions stated in that Rule.

Rule 4007(c) requires that a motion seeking enlargement of the period for objecting to discharge or dischargeability must be filed before the time period has expired. Fed. R. Bankr.P. 4007(c); 10 Lawrence P. King, *Collier on Bankruptcy* ¶ 9006.08 (15th ed. Rev.). With respect to late-filed motions, the rules make no allowance for excusable neglect. *See id.; Jones v. Hill (In re Hill)*, 811 F.2d 484, 486 (9th Cir.1987) (finding that Rule 9006 does not confer discretion upon the bankruptcy court to extend the time under Rule 4007(c) if the motion is filed after the deadline has expired); *Hecht v. Hatch (In re Hatch)*, 175 B.R. 429, 434 (Bankr. D.Mass.1994) (holding that Rule 9006(b)(3)

excludes application of excusable neglect standard to enlargement of the time period under Rule 4007(c)); *In re Gray*, 156 B.R. 707, 710 (Bankr.D.Me.1993) (stating that Rules 9006(b)(3) and 4007(c) require that enlargement of period for objecting to dischargeability be sought before expiration of period and that Rules make no allowance for excusable neglect); *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Tatum (In re Tatum)*, 60 B.R. 335, 337 (Bankr.D.Colo.1986) (explaining that Rule 4007(c) clearly requires a motion for extension to object be filed before the deadline and that the Rules eliminate the concept of excusable neglect as basis for enlarging time to object). Rule 4007(c) therefore precludes the bankruptcy court from granting late-filed motions to extend the period in which a party can object to the dischargeability of a debt.[3] *See id.;* Fed. R. Bankr.P. 4007(c); *Hatch*, 175 B.R. at 434; *Gray*, 156 B.R. at 710.

In the instant case, the Appellant filed its Motion one day after the period had expired. Rule 4007(c) allows the bankruptcy court no discretion to extend the period to object to the dischargeability of a debt when the Motion was filed after the time has expired even if the Appellant had established excusable neglect. Accordingly, the bankruptcy court was correct to deny the Appellant's Motion.

### B. Harmless Error

At the July 10, 2003, hearing the bankruptcy court heard the parties' arguments on the excusable neglect standard and based its denial of the Motion on a finding of no excusable neglect. On appeal, both

---

**3.** The Panel notes that some courts have carved out additional conditions by extending the deadline absent a timely filed motion in cases of exceptional circumstances where the court has made a mistake in setting the deadline or where notice of the deadline has not been given to a party in interest. *Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629 (6th Cir.1994); *Tatum*, 60 B.R. at 337. However, the Appellant has not argued that such circumstances exist in this case.

parties framed the issue around the doctrine of excusable neglect and argued that the bankruptcy court did or did not abuse its discretion in denying the Motion. *See* Appellant's Brief at 2 (arguing that the bankruptcy court abused its discretion in denying the Motion); Appellee's Brief at 3 (*citing Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Part.*, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), and arguing that the bankruptcy court did not abuse its discretion because there was no excusable neglect in this case). For the reasons set forth above, neither excusable neglect nor abuse of discretion are at issue in this appeal. Accordingly, *Pioneer* does not apply in the instant case because *Pioneer* articulates the test for excusable neglect and pertains only to late-filed motions to extend deadlines under Rule 9006(b)(1). *Id. Pioneer* does not apply to late-filed motions to extend deadlines under Rule 9006(b)(3), under which the excusable neglect standard does not apply, and under which the bankruptcy court has no discretion to grant a late-filed motion to extend the deadline to object to discharge or dischargeability. *Jones,* 811 F.2d at 486; *Gray,* 156 B.R. at 710.

The parties were mistaken in arguing the excusable neglect standard, and the bankruptcy court erred in basing its denial of the Motion on a finding of no excusable neglect as the bankruptcy court lacked discretion to grant the Motion based upon a finding of excusable neglect. The Motion should have been denied as a matter of law because it was not timely filed. However, any error by the bankruptcy court was harmless because it reached the correct decision in denying the Motion.

## CONCLUSION

For the reasons stated above, the bankruptcy court's Order denying the Motion to further extend the deadline to object to the dischargeability of the Debtor's debt to the Appellant under § 523 is AFFIRMED.