**In the Matter of Arvind D. PATEL, Debtor.**

**Johnathan Askew, Plaintiff[1],**

**v.**

**Arvind D. Patel, Defendant.**

**Bankruptcy No. 05–40341 RFH.**
**Adversary No. 05–4273.**

United States Bankruptcy Court,
M.D. Georgia,
Columbus Division.

Sept. 16, 2005.

---

5. This adversary proceeding is scheduled for trial on August 16, 2005.

1. The Court has changed the style of this adversary proceeding to show the proper position of the parties.

John W. Roper, Columbus, GA, for Plaintiff.

Stephen G. Gunby, Columbus, GA, for Defendant.

## MEMORANDUM OPINION

ROBERT F. HERSHNER, JR., Chief Judge.

Arvind D. Patel, Defendant, filed on June 29, 2005, a motion to dismiss this adversary proceeding. Defendant's motion came on for hearing on August 1, 2005. Johnathan Askew, Plaintiff, filed on August 31, 2005, a brief in opposition to Defendant's motion. The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.

The material facts are not in dispute. A state court entered a judgment in favor of Plaintiff in the amount of $3,788,421. The state court held that Defendant had specifically intended to cause harm to Plaintiff.

Defendant filed a petition under Chapter 7 of the Bankruptcy Code on February 22, 2005. The meeting of creditors was scheduled for and held on March 30, 2005.[2] The deadline for filing a complaint to determine the dischargeability of a debt under section 523(c) of the Bankruptcy Code was May 31, 2005.[3] Plaintiff concedes that he received notice of the bankruptcy filing and the deadline to file a complaint.[4]

Plaintiff's counsel served on May 31, 2005, a Complaint to Determine Dischargeability of a Debt.[5] The complaint was served on Defendant's counsel and the Chapter 7 trustee.[6] Plaintiff's counsel sent on May 31, 2005, via electronic transmission a copy of the complaint to the Court. A "paper copy" of the complaint was filed with the Court on June 2, 2005. The Clerk of Court issued a summons on June 7, 2005. Plaintiff served the summons. Defendant filed on June 29, 2005, a motion to dismiss Plaintiff's complaint.

Bankruptcy Rule 4007(c)[7] provides in part that "A compliant to determine the

2. 11 U.S.C.A. § 341(a) (West 2004).

3. Fed. R. Bankr.P. 4007(c).

4. Movant's [Plaintiff's] Brief In Opposition To Respondent's [Defendant's] Motion To Dismiss Complaint, p. 2 (filed Aug. 31, 2005).

5. The complaint asserts that Defendant acted with the specific intention of causing harm to Plaintiff. A debt for willful and malicious injury is nondischargeable under section 523(a)(6) of the Bankruptcy Code. Section 523(c)(1) applies to a complaint under section 523(a)(6).

6. Plaintiff's counsel did not serve Defendant, the Chapter 7 debtor, as required by Bankruptcy Rule 7004(b)(9).

7. Bankruptcy Rule 4007(c) provides:
   **Rule 4007. Determination of Dischargeability of a Debt**
   . . .
   **(c) Time for filing complaint under § 523(c) in a chapter 7 liquidation, chapter 11 reorganization, or chapter 12 family farmer's debt adjustment case; notice of time fixed**
   A complaint to determine the dischargeability of a debt under § 523(c) shall

dischargeability of a debt under § 523(c) *shall be filed* no later than 60 days after the first date set for the meeting of creditors under § 341(a)." (emphasis added).

■ The deadline to file a complaint may be extended "for cause" on motion "filed *before* the time has expired." *See Byrd v. Alton, (In re Alton)*, 837 F.2d 457, 459 (11th Cir.1988).

■ The filing requirement is not satisfied by simply mailing or serving the complaint. *Adams v. Segars (In re Segars)*, Ch. 7 Case No. 89–30334, Adv. No. 89–3032 (Bankr.M.D.Ga., Nov. 20, 1989). "[A] pleading is considered filed when placed in the possession of the clerk of the court." *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 101 (5th Cir.1995).

An administrative order of this Court specifically provides that "The date of filing is the date the paper document is received by the court and not the date the electronic copy is transmitted." *See* Mandatory Compliance with the Court's Electronic Document System and Related Issues Involving Information Technology, (Bankr.M.D.Ga., Nov. 16, 2004).

■ Simply stated, Plaintiff's complaint was "filed" when the paper copy was received by the Clerk of Court on June 2, 2005. Plaintiff's complaint was filed two days after the deadline and was untimely.

be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.
Fed. R. Bank. P. 4007(c)

**8.** Bankruptcy Rule 9006(b)(3) provides:

■ Plaintiff's counsel contends that his failure to timely file the complaint was "excusable neglect." The Court will assume, without deciding, that counsel's failure was excusable neglect. Bankruptcy Rule 9006(b)(3) [8] provides in part that the Court may enlarge the time for filing a complaint to determine the dischargeability of a debt "only to the extent and under the conditions stated" in Bankruptcy Rule 4007(c). Bankruptcy Rule 4007(c) does not authorize the Court to extend the deadline for excusable neglect. *Kelly v. Gordon, (In re Gordon)*, 988 F.2d 1000, 1001 (9th Cir.1993); *Ichinose v. Homer National Bank, (In re Ichinose)*, 946 F.2d 1169, 1176 (5th Cir.1991); *Lure Launchers, LLC v. Spino*, 306 B.R. 718, 721 (1st Cir. BAP 2004); *Francis v. Eaton, (In re Eaton)*, 327 B.R. 79, 82 (Bankr.D.N.H.2005).

Plaintiff's complaint was filed two days after the deadline provided by Bankruptcy Rule 4007(c). The Court is persuaded that Defendant's motion to dismiss should be granted.

An order in accordance with this memorandum opinion will be entered this date.

**Rule 9006. Time**

. . .

**(b) Enlargement**

. . .

**(3) Enlargement limited**
The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules.
Fed. R. Bank. P. 9006(b)(3).