In re Joseph RYCHALSKY, Jr., Debtor.

**Roberta A. DeAngelis, Acting United States Trustee for Region 3, Plaintiff,**

v.

**Joseph Rychalsky, Jr., Defendant.**

Bankruptcy No. 03–12439(PJW).

Adversary No. 04–50000(PJW).

United States Bankruptcy Court, D. Delaware.

Nov. 24, 2004.

Joseph J. McMahon, Jr., Trial Attorney, United States Department of Justice, Office of the United States Trustee, Wilmington, DE, for Roberta A. DeAngelis, Acting United States Trustee.

Doreen H. Becker, Holfeld & Becker, Wilmington, DE, for Debtor, Joseph Rychalsky, Jr.

## MEMORANDUM OPINION

PETER J. WALSH, Bankruptcy Judge.

This opinion is with respect to the motion (Doc. # 15) filed by the Acting United States Trustee for Region 3, Roberta A. DeAngelis ("Trustee"), asking leave to amend her original complaint which seeks to deny Joseph Rychalsky, Jr. ("Rychalsky") a discharge. In response, Rychalsky argues that the Trustee's motion to amend is untimely by reason of Bankruptcy Rule 4004 and should be denied. For the reasons set forth below, I will grant the motion.

## BACKGROUND

On August 5, 2003 (the "Petition Date"), Rychalsky filed a voluntary petition under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq.* (the "Bankruptcy Code").[1] The § 341 meeting of creditors was scheduled for and held on September 3, 2003. Subsequently, on October 31, 2003, Rychalsky was examined under oath pursuant to Bankruptcy Rule 2004 by, among others, the Trustee.

The Trustee timely filed for, and the Court granted, a motion to extend the time within which the Trustee could file an objection to Rychalsky's discharge. Such date was extended to January 5, 2004.

On January 2, 2004, the Trustee again examined Rychalsky under oath pursuant to Rule 2004. On January 5, 2004, the Trustee filed a one count complaint (the "Complaint") seeking a denial of discharge pursuant to § 727(a)(3) for Rychalsky's failure to maintain records regarding a transfer of certain securities that occurred within the year preceding the Petition Date.[2] Given the pendency of the Complaint, by reason of Rule 4004(c) Rychalsky has not received a discharge.[3] On February 2, 2004, Rychalsky answered the Complaint.

During the ensuing discovery, the Trustee pursued and obtained various financial records relating to Rychalsky. Through this process, the Trustee alleges that she has discovered various assets and liabilities not previously disclosed by Rychalsky that suggest fraudulent activity by Rychalsky. On this basis, the Trustee filed the instant motion to amend the Complaint to add ten counts related to this newly discovered information. Of the eleven total counts, nine allege fraudulent conduct relating to transactions or events not addressed in the Complaint.[4] In his response, Rychalsky

---

1. Individual sections of the Bankruptcy Code will be cited herein as "§ ___".

2. Section 727(a)(3) provides:
   (a) The court shall grant the debtor a discharge, unless—
      \*    \*    \*    \*    \*    \*
   (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case. . . .

3. In relevant part, Rule 4004(c) provides:

(1) In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge unless:

   \*    \*    \*    \*    \*    \*

(B) a complaint objecting to the discharge has been filed. . . .

4. As to the other two counts, one (count 7) is the same as in the Complaint and the other (count 8) is based on the same factual predicate as count 7. Thus, count 8 will be allowed as it "relates back" to the filing of the Complaint.

argues the instant motion is untimely and should be denied.

## DISCUSSION

Rychalsky argues that the Court should deny the motion to amend because the new counts are unrelated to the single count in the Complaint and are not asserted within the 60 day period allowed by Rule 4004(a).[5]

■ There is a conflict amongst the various circuits as to whether the time limits provided by Rule 4004(a) and related Rule 4007(c) are jurisdictional in nature or more akin to statutes of limitations.[6] *Compare Farouki v. Emirates Bank Int'l, Ltd.*, 14 F.3d 244, 248 (4th Cir.1994) (holding that Rule 4004 is not jurisdictional) *with Byrd v. Alton* (*In re Alton*), 837 F.2d 457, 459 (11th Cir.1988) (holding that Rule 4007 is jurisdictional in nature). Courts that held these Rules were jurisdictional in nature held that the time limits could not be expanded for any reason. *See, e.g., Alton*, 837 F.2d at 459 ("the provisions of F.R.B.P. 4007(c) are mandatory and do not allow the Court any discretion to grant a *late filed* motion to extend time to file a dischargeability complaint.") (citation omitted) (emphasis in original). In contrast, other courts that held the Rules were more similar to statutes of limitations allowed the time limits to be expanded in various circumstances. *See, e.g., European Am. Bank v. Benedict* (*In re Benedict*),

90 F.3d 50, 54 (2d Cir.1996) (holding the Rule 4007 time limit was subject to waiver, estoppel and equitable tolling).

In its most recent completed term, the United States Supreme Court unanimously answered one of these issues by holding that Rule 4004 is not jurisdictional in nature and is subject to waiver. *Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906, 915–18, 157 L.Ed.2d 867 (2004). However, in doing so, the Supreme Court explicitly reserved the instant issue of whether Rule 4004 is subject to expansion pursuant to doctrines such as equitable tolling. *Id.* at 916.

In resolving this issue, I note that, in a different context, the Supreme Court has previously stated that "[s]tatutory filing deadlines are generally subject to the defenses of waiver, estoppel, and equitable tolling." *United States v. Locke*, 471 U.S. 84, 94 n. 10, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985) (citation omitted).[7] The only case on point I have found to interpret this issue since the *Kontrick* decision held that the deadlines provided by Rules 4004 and 4007 are subject to equitable tolling. *Sunflower Bank, N.A. v. Otte* (*In re Otte*), Adv. No. 04–6007, 2004 WL 2187175, at *2 (Bankr.D.Kan. Aug.3, 2004).

The circuit court decisions that apply equitable tolling appear more persuasive now in light of *Kontrick*. A major issue in these cases was whether Rules 4004 and

---

**5.** In relevant part, Rule 4004(a) provides:

> In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).

**6.** In relevant part, Rule 4007(c) provides:

> A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).

**7.** Likewise, the Supreme Court has previously stated:

> In rejecting pattern discovery as a basic rule, we do not unsettle the understanding that federal statutes of limitations are generally subject to equitable principles of tolling, and where a pattern remains obscure in the face of a plaintiff's diligence in seeking to identify it, equitable tolling may be one answer to the plaintiff's difficulty....

*Rotella v. Wood*, 528 U.S. 549, 560–61, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000) (citations omitted).

4007 were jurisdictional. A number of courts that determined the Rules were not jurisdictional also held the deadlines were subject to equitable principles, including tolling. *Nardei v. Maughan* (*In re Maughan*), 340 F.3d 337, 344 (6th Cir.2003); *In re Kontrick*, 295 F.3d 724, 733 (7th Cir. 2002); *Benedict*, 90 F.3d at 54; *Farouki*, 14 F.3d at 248. The two circuit cases that held these deadlines could not be extended, did so because they held these Rules were jurisdictional in nature. *Alton*, 837 F.2d at 459; *Neeley v. Murchison*, 815 F.2d 345, 346 (5th Cir.1987).

■ With this background, I find persuasive the Trustee's argument that equitable tolling should be applied to the instant matter. Within the Third Circuit, it is settled law that equitable tolling of a statute of limitations is appropriate where one of three conditions is met: "(1) the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *In re Rowland*, 275 B.R. 209, 216 (Bankr.E.D.Pa.2002) (citations omitted). In a different context, the Third Circuit has stated that "it is appropriate to apply the doctrine 'where consistent with congressional intent and called for by the facts of the case.'" *Longenette v. Krusing*, 322 F.3d 758, 767 (3d Cir.2003) (citations omitted). "Among the circumstances warranting equitable tolling are situations where 'the defendant has actively misled the plaintiff respecting plaintiff's cause of action,' i.e. fraudulent concealment." *Forbes v. Eagleson*, 228 F.3d 471, 486 (3d Cir.2000) (citation omitted).

■ From the Trustee's briefs it is clear that Rychalsky was not forthcoming with information relating to his assets and liabilities. This is clearly demonstrated by the substantial efforts the Trustee was forced to undertake in order to uncover this information. The Trustee issued a number of subpoenas seeking records relating to Rychalsky's financial history. During the course of conducting discovery, the Trustee received information suggesting that Rychalsky had not scheduled all of his creditors. The Trustee conducted a public records search for Rychalsky's name and discovered that Rychalsky had apparently filed two post-petition lawsuits. One lawsuit was a personal injury complaint relating to a pre-petition motor vehicle accident that was filed in Delaware. The other action was a "lemon law" complaint filed in Pennsylvania. Additionally, the Trustee received documents in response to a subpoena issued to a bank creditor which indicated that Rychalsky owned a vehicle that was the collateral for a loan given by the bank. The documents also suggested that Rychalsky either (i) was in possession of a vehicle that was not listed on Rychalsky's schedules or (ii) had transferred the vehicle without listing the transfer on the Statement of Financial Affairs filed at the outset of the bankruptcy case. Finally, the public records search conducted by the Trustee also indicated that Rychalsky listed a number of secured creditors as unsecured creditors on his schedules. The new information which the Trustee discovered was at odds with a number of sworn statements made by Rychalsky. Rychalsky should not be allowed to profit by his failure to disclose information uniquely within his possession and therefore I find on the facts here that the 60 day period provided for by Rule 4004 should be equitably tolled.

Also supporting my conclusion here are cases discussing the gap period, as defined below, within the framework of

§ 727(d)(1).[8] In *Citibank, N.A. v. Emery (In re Emery)*, 132 F.3d 892 (2d Cir.1998), had the discharge been entered "forthwith" at the conclusion of the 60 day period as dictated by Rule 4004(c), the creditor could have sought a revocation of the discharge pursuant to § 727(d). *Id.* at 895. However, the creditor learned of the fraudulent activity during the gap period between the conclusion of the 60 day period and the entry of the discharge. *Id.* This presented a situation that appeared to prevent the creditor both from objecting to the discharge pursuant to Rule 4004 and from seeking a revocation pursuant to § 727(d)(1) following a discharge. *Id.* In resolving this dilemma, the Second Circuit stated that it did "not believe that Congress intentionally drafted a statute to punish fraudulent conduct by debtors that at the same time provides a period of immunity for such debtors." *Id.* at 896. Thus, the court held that, in circumstances such as these, equitable reasons existed to disregard the plain language of § 727(d) and allow the suit to proceed. *Id.*

In a similar case, the Bankruptcy Court for the Middle District of Pennsylvania has stated:

When the discharge is not granted immediately after expiration of the Rule 4004(a) period, it appears that the interests of justice would best be served by allowing the creditor and trustee to challenge the debtor's right to a discharge only when they did not learn of the debtor's misconduct until after the Rule 4004(a) period had expired.

*In re Meo*, 84 B.R. 24, 28 (Bankr.M.D.Pa. 1988). To resolve the situation, the *Meo* court and others have treated the elapsing of the 60 day period as the date of discharge and allowed the parties to pursue a revocation action before a discharge was officially granted. *Id.; Ross v. Mitchell (In re Dietz)*, 914 F.2d 161, 164 (9th Cir. 1990)[9]; *Nazar v. Schowengerdt (In re Schowengerdt)*, No. 02–15715, 2004 WL 2334727, at *2–3 (Bankr.D.Kan. Feb.19, 2004); *In re White*, 133 B.R. 206, 209 (Bankr.S.D.Ind.1990).

In that vein, it would seem appropriate here to treat the elapsing of the Rule 4004 60 day period as a deemed discharge. This would allow the Trustee to currently file a § 727(d)(1) complaint to revoke the discharge based on the alleged fraudulent conduct. The Trustee would then have two discharge actions pending, the subject § 727(a)(3) Complaint and an additional § 727(d)(1) complaint. Alternatively, if I denied the motion to amend, the Complaint could go forward to trial and if the Trustee is not successful, then following the actual entry of a discharge order the

---

**8.** In relevant part, § 727 provides:
(d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge....
(e) The trustee, a creditor, or the United States trustee may request a revocation of a discharge—
(1) under subsection (d)(1) of this section within one year after such discharge is granted....

**9.** I note that in the *Ross* decision the court observed:

"By 'deem[ing the discharge] to have been entered' on February 15, 1985, the court acted consistently with the spirit of the bankruptcy rules, which contemplate that discharge is effective immediately upon expiration of the 60–day period following the creditors' meeting, *so long as no objections are filed.*"

*Id.* (citations omitted) (emphasis added). I do not find that distinction from the case before me to suggest a different result here.

Trustee could timely file a § 727(d)(1) complaint. However, rather than having two separate proceedings seeking same relief (i.e., denial/revocation of a discharge), I believe it makes more sense in terms of judicial economy to merely allow the Trustee to amend the Complaint and allow all matters to proceed together.

For the foregoing reasons, the Trustee's motion to amend the Complaint is granted.

## ORDER

For the reasons set forth in the Court's memorandum opinion of this date, the motion (Doc. #15) of the Acting United States Trustee for Region 3, Roberta A. DeAngelis asking leave to amend her Complaint which seeks to deny Joseph Rychalsky, Jr. a discharge is GRANTED.