**In re Lyle Dean MILLER and Cheryl Ann Miller, Debtors.**

**Don L. Owen, Inc., Plaintiff,**

v.

**Lyle Dean Miller and Cheryl Ann Miller, Defendants.**

**Bankruptcy No. 04–80905 HDH–7. Adversary No. 05–3009.**

United States Bankruptcy Court, N.D. Texas, Dallas Division.

April 12, 2005.

Joyce W. Lindauer, Attorney at Law, Dallas, TX, for Debtors/Defendants.

Roy L. Stacy, Stacy & Condor, LLP, Dallas, TX, for Plaintiff.

## MEMORANDUM OPINION

HARLIN D. HALE, Bankruptcy Judge.

Before the Court is the Plaintiff's motion filed in the Debtors' bankruptcy case to extend the time to file a complaint objecting to the dischargeability of certain claims against the Debtors, the Debtors' response thereto, and the Debtors' motion to dismiss the Plaintiff's complaint to determine dischargeability filed in the underlying adversary proceeding. This memorandum opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 151, and the standing order of reference in this district. This matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(A), (I) & (O).

This memorandum opinion addresses three issues:

1. Whether the deadline for filing a dischargeability complaint contained in Federal Rule of Bankruptcy Procedure 4007(c) is jurisdictional;

2. If such deadline is not jurisdictional, is it subject to equitable considerations, such as equitable tolling; and

3. If equitable tolling may be raised when an untimely complaint has been filed, does such doctrine apply to the present facts?

For the reasons given below, the Court determines that the deadline is not jurisdictional, but that equitable tolling does not apply. Assuming that Don L. Owen, Inc. ("Plaintiff") could raise equitable tolling in the motion of Lyle Dean Miller and Cheryl Ann Miller ("Debtors" or "Defendants") to dismiss the adversary as untimely, the Court further finds that equitable tolling is not appropriate in the present case.

### Facts.

The underlying facts, which are largely not in dispute, are described below for background.

Debtors filed a Chapter 7 bankruptcy case on October 4, 2004. The bankruptcy clerk's office prepared and sent out the standard "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines" which set the first meeting of creditors on November 1, 2004, and gave notice of January 1, 2005, as the deadline for filing discharge and dischargeability complaints. Plaintiff, along with the other parties listed on the Debtors' Matrix, was mailed a copy of this notice by the Bankruptcy Noticing Center on October 8, 2004.

On October 12, 2004, a second 341 meeting notice was mistakenly docketed by the bankruptcy clerk's office in the Millers' Chapter 7 case for an unrelated Chapter 13 case, and, for a period, the docketing system ("PACER") indicated that the date for the meeting of creditors had been changed to November 18, 2004. Plaintiff's counsel contacted the bankruptcy clerk's office several times and apparently was

given conflicting information from an employee in the bankruptcy clerk's office regarding when the meeting was to occur and whether it had really been held on November 1, 2004. The docket does not reflect any change in the bar date for bringing dischargeability complaints, nor does Plaintiff argue that it received conflicting information from the clerk about that deadline, being January 1, 2005.[1]

Regardless of the conflicting information given on PACER, the case was a Chapter 7 proceeding at all times. The meeting of creditors was held on November 1, 2004, as provided in the original notice, and the Chapter 7 Trustee filed a report with the Court to that effect on November 12, 2004. That report appears on the Court's docket sheet as docket entry number 7, and states that the meeting was not concluded on November 1st, and was continued to December 15, 2004.

Plaintiff filed the instant dischargeability complaint on January 5, 2005, after the deadline contained in the original notice, and after the 60 day deadline contained in Fed. R. Bankr.P. 4007(c), which begins to run from the "first date set" for the meeting of creditors.

Defendants seek dismissal, and argue that the adversary is untimely. Plaintiff seeks the application of equitable tolling to deem the complaint timely, and filed on January 5, 2005, a motion seeking to extend the deadline for filing the complaint.

### The Law

The law at issue is contained in Federal Rule of Bankruptcy Procedure 4007(c), which provides:

A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

It is undisputed that Plaintiff did not file the complaint within the time set out in the rule. Also, it is clear from the record that Plaintiff did not request an extension of time before the sixty-day period had elapsed.

Plaintiff argues that the doctrine of equitable tolling, arising from the incorrect docket entry on PACER and the faulty information supplied by the clerk, excuses it from the deadline contained in the rule. Defendants say that the original notice contains the deadline for filing the complaint and such deadline has never changed, and seek dismissal of this adversary complaint.

### Application

### Is Rule 4007(c) jurisdictional?

■ Over the years, courts have wrestled with whether Rule 4007(c) is jurisdictional. One Texas bankruptcy court held that the deadline provided in the rule is jurisdictional, and is not subject to any equitable exceptions. *See, Gebhardt v. Thomas (In re Thomas)*, 203 B.R. 64 (Bankr.E.D.Tex.1996). Other courts have held that the deadline is not jurisdictional, and that equitable exceptions may apply in "extraordinary circumstances." *See, e.g. Anwiler v. Patchett (In re Anwiler)*, 958 F.2d 925 (9th Cir.1992).

---

1. Because the deadline fell on a Saturday, the period for bringing the dischargeability action was extended by operation of law to January 3, 2005. *See* Fed. R. Bankr.P. 9006(a).

Although the Fifth Circuit has not addressed the precise question of the jurisdictional nature of the deadline in the rule, it has made clear that "Rule 4007(c) plainly requires that a creditor file his Section 523(c) complaint, or his motion for extension, within 60 days from the date set for the initial creditors' meeting." *Neeley v. Murchison (In re Murchison)*, 815 F.2d 345, 347 (5th Cir.1987).

Recently, the United States Supreme Court may have answered the question presented in this case. In *Kontrick v. Ryan (In re Kontrick)*, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), the high court held that the deadline contained in Rule 4004(a), the rule regarding discharge complaints and which contains language virtually identical to Rule 4007(c), is not jurisdictional in nature and the defense that the complaint is untimely may be waived if not timely raised by the defendant.

Since *Kontrick's* construction of the Rule 4004(a) deadline, several courts have held that the deadline of Rule 4007(c) is likewise not jurisdictional. *See, DeAngelis v. Rychalsky*, 318 B.R. 61 (Bankr.D.Del. 2004) and *Sunflower Bank N.A. v. Otte (In re Otte)*, 2004 WL 2187175 (Bankr.D.Kan. 2004).

Because the language of the two rules is virtually the same, the Court likewise concludes that the sixty-day deadline of Rule 4007(c) is not jurisdictional.

### *Whether equitable tolling may be raised*

■ In its *Kontrick* opinion, the United States Supreme Court explicitly reserved the issue of whether Rules 4004(a) and 4007(c) are subject to expansion pursuant to equitable doctrines such as equitable tolling. *Kontrick*, 124 S.Ct. at 916.

Since *Kontrick*, two bankruptcy courts have held that such equitable doctrines may provide relief to a party who misses the sixty-day deadline. *See, DeAngelis v. Rychalsky*, 318 B.R. 61 (Bankr.D.Del.2004) and *Sunflower Bank N.A. v. Otte (In re Otte)*, 2004 WL 2187175 (Bankr.D.Kan., Aug.3, 2004).

In the undersigned's opinion, these post-*Kontrick* cases ignore *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), another Supreme Court case construing bankruptcy deadlines, which places great emphasis on finality. In that case, the Supreme Court analyzed the thirty-day deadline of Rule 4003(b) for objecting to exemptions, and adopted a literal approach. In *Taylor*, the trustee had missed the deadline to object to exemptions in a case where the debtor had clearly scheduled a non-exempt asset as exempt. Rejecting the very equitable argument of the trustee to allow a late-filed objection, the court observed that "deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality ...." *Id.*, 112 S.Ct. at 1648–49.

After *Taylor*, the Fifth Circuit refused to extend an expired time for objections to exemptions for equitable reasons. *See, Coie v. Sadkin (In re Sadkin)*, 36 F.3d 473 (5th Cir.1994) (finding that the use of equitable powers to sustain a late filed objection "would be inconsistent with the operation of Section 522(*l*), Bankruptcy Rule 4003(b), and the Supreme Court's interpretation of these provisions in *Taylor*").

In a more recent case, the Fifth Circuit explicitly rejected an argument for the application of equitable tolling to the deadline described in Rule 4007(c), where a case had been dismissed and later reinstated, saying:

First, there is no provision for a tolling regime found in the relevant portions of the Bankruptcy Code or Rules.... There is similarly no provision for a tolling rule to be found in any of our

earlier decisions.... Second, a tolling rule fails to comport with the purpose of Rule 4007(c), namely to establish a "fixed, relatively short limitation period" for creditors to act after the section 341 meeting.... In sum, a tolling rule finds no support in the Bankruptcy Code and holds little promise of providing an efficient and certain procedural rule of law.

State Bank & Trust, N.A. v. Dunlap (In re Dunlap), 217 F.3d 311, 316 (5th Cir.2000) (citations omitted).

For these reasons, this Court does not believe that equitable tolling may be raised as a defense to a motion to dismiss a late-filed dischargeability action.

**If equitable tolling were available, it still would not apply, given the facts in this case**

■ Even if the Court were to find that equitable tolling could be applied in this circuit to extend the time for filing discharge and dischargeability complaints, it would not be appropriate, given the facts of this case.

■ As pointed out by Plaintiff, the application of equitable tolling is appropriate where: (1) a defendant has actively misled a plaintiff; (2) a plaintiff has been prevented, in some extraordinary way or circumstance, from asserting his rights; or (3) a plaintiff has asserted his rights in a timely manner, but in the wrong forum. In re Rychalsky, 318 B.R. at 64.

Clearly, Defendants did not have anything to do with the filing problems that Plaintiff faces and Plaintiff has not so claimed. And, Plaintiff did not timely file in the wrong forum. Rather, he filed untimely in the right forum.

Thus, to show equitable tolling in this case, Plaintiff must show that it was prevented in some extraordinary way or circumstance from asserting its rights timely. After examining the record and considering the arguments and excellent brief of Plaintiff, this Court concludes that Plaintiff has not met that burden.

First, the original notice of bankruptcy received by Plaintiff clearly sets out the date of the first meeting of creditors, and, more importantly, establishes January 1, 2005, as the deadline for filing dischargeability complaints. That date never changed, though admittedly, there was confusion caused by the docket entry error and the bankruptcy clerk's office regarding exactly when the first meeting would be held. Nothing on this Court's docket ever moved the deadline. And, Plaintiff has not alleged that the bankruptcy clerk's office gave it a new deadline for objecting to dischargeability.

Second, the docket sheet clearly shows that the first meeting was actually held on November 1, 2004. If Plaintiff or his counsel had only pulled up and examined the docket sheet, it would have been clear to them that the first meeting was held on the date originally set.[2]

Finally, in this Circuit, parties may not rely upon the clerk nor blame the clerk when the deadline for filing a dischargeability action is missed. That is the clear message of In re Murchison. In that case the clerk did not fill out the date of the

---

**2.** From the Court's review of the Plaintiff's motion and the arguments of counsel, the Court is of the opinion that part of the confusion in this case stems from the fact that the bar date for filing dischargeability complaints is calculated from the "first date set" for the meeting of creditors, and not from the conclusion of that meeting or from any date that the meeting ultimately occurs. The bar date is set by Rule 4007(c) and can only be moved or extended by order of the court. Thus, reliance on any subsequent dates for the section 341 meeting as extending the bar date for filing dischargeability complaints was misplaced.

deadline for objecting to dischargeability and counsel and creditor mistakenly thought there was not a deadline. The Fifth Circuit rejected this as a defense, holding that once the bankruptcy is learned of, it is counsel's job to meet the filing deadlines and reliance on the clerk will not replace following the statute and rules. *Murchison*, 815 F.2d at 345.

It does not appear to this Court, therefore, that the circumstances are such that Plaintiff was prevented from timely filing the complaint by any extraordinary circumstance or something beyond Plaintiff's control. The original notice gave the deadline, which never changed. If there were an issue as to when the meeting of creditors would occur, that question was answered by the Trustee's report filed with the Court on November 12, 2004, some forty-nine days before the deadline for objecting to dischargeability. Finally, communications with the Court's clerk will not replace compliance with the rules and statutes.

Obviously, this ruling leads to a harsh result—the early dismissal of Plaintiff's complaint. However, the cases mentioned in this opinion note that application of the deadline rules sometimes leads to unwelcome results. In the bankruptcy world, finality has great importance. Literal application of the deadlines for objecting to discharge, dischargeability, and exemptions promotes that worthy principle.

For these reasons, the Plaintiff's motion will be denied and the Defendants' motion to dismiss will be granted by separate orders.