In re Hollis EATON, Debtor.

Sandra Francis a/p/n/f of Anthony
Venturi, Jr., Plaintiff,

v.

Hollis Eaton, Defendant.

Bankruptcy No. 04–14519–JMD.
Adversary No. 05–01052–JMD.

United States Bankruptcy Court,
D. New Hampshire.

July 7, 2005.

Paul K. Baker, Esq., Baker & Abraham, PC, Boston, Massachusetts, for Plaintiff.

Peter A. Riley, Esq., Riley & Fay PLLC, Seabrook, New Hampshire, for Debtor.

### MEMORANDUM OPINION

J. MICHAEL DEASY, Bankruptcy Judge.

## I. INTRODUCTION

The question before the Court is whether the Court can use its equitable discretion to extend the deadline to object to the dischargeability of certain debts when the

1. At the time of the bankruptcy filing, the parties were involved in a state court pro-

complaint is filed after the deadline has passed and no motion to extend time to file a complaint has been filed. On April 8, 2005, the Plaintiff filed a complaint objecting to the dischargeability of the Debtor's obligations to the Plaintiff pursuant to 11 U.S.C. § 523(a)(6) (the "Complaint"). The Complaint was filed ten days after the deadline to object to the dischargeability of a debt.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. FACTS

Hollis Eaton (the "Debtor") filed for protection under chapter 7 of the Bankruptcy Code on December 23, 2004. The deadline to file a complaint objecting to discharge of the Debtor or to determine dischargeability of certain debts was set for March 29, 2005. The Debtor listed Sandra Francis a/p/n/f of Antony Venturi, Jr. (the "Plaintiff") in his bankruptcy schedules together with the name and address of Plaintiff's counsel[1]. However, the address of Plaintiff's counsel was not included in the mailing matrix filed by the Debtor. The docket reflects that the first meeting of creditors originally scheduled for January 28, 2005, was rescheduled to February 18, 2005. On February 8, 2005, Debtor's counsel provided a written notice of the rescheduled meeting to a number of parties, including Plaintiff's counsel (the "Letter Notice").

ceeding in the Rockingham County Superior Court.

On April 8, 2005, the "Plaintiff" filed the Complaint objecting to the dischargeability of the Debtor's obligations to the Plaintiff pursuant to 11 U.S.C. § 523(a)(6). The Debtor answered the Complaint and moved for summary judgment based, *inter alia*, upon a claim that the Complaint was not timely filed (the "SJ Motion"). The Plaintiff filed an objection to the SJ Motion (Doc. No. 9) (the "Objection") alleging that the Debtor should have listed Plaintiff's counsel in the creditor mailing matrix filed with the Court, did not include the proper address for the Plaintiff in the mailing matrix, and that the Complaint was filed 48 days after the Plaintiff first learned of the filing of the Debtor's chapter 7 bankruptcy petition. Plaintiff's counsel acknowledged receipt of the Letter Notice in the Objection as well as actual knowledge of the bankruptcy case pursuant to a telephone conversation with Debtor's counsel prior to receipt of the Letter Notice. The Court held a hearing on the SJ Motion on June 8, 2005 in connection with the pre-trial conference.

The Plaintiff acknowledges the complaint was filed after the deadline established by Federal Rule of Bankruptcy Procedure (hereinafter "Rule") 4007(c). However, she argues: (1) the defects in the mailing matrix filed by the Debtor excuses her untimely filing because it was filed within sixty days of her learning of the commencement of the bankruptcy case; (2) Plaintiff's counsel erroneously thought that February 18, 2005, was the original date set for the first meeting of creditors and through excusable neglect he computed the deadline as being sixty days after that date; and (3) due to the Debtor's failure to provide proper and timely notice to the Plaintiff, this Court may equitably toll the deadline under Rule 4007(c).

## III. DISCUSSION

█ Rule 4007(c) sets the deadline for filing a complaint objecting to the dischargeability of a debt under section 523 of the Bankruptcy Code as "60 days after the date *first set* for the meeting of creditors under § 341(a)." Fed. R. Bankr.P. 4007(c) (emphasis added).[2] In this case, the deadline was set for March 29, 2005. Rule 9006(b)(3) provides that the Court may not enlarge the time to file a complaint under Rule 4007(c) for any reason outside of the provisions of Rule 4007(c).[3] Rule 4007(c) provides that "the court may for cause extend the time fixed under this subdivision. The motion *shall be filed before the time has expired.*" Fed. R. Bankr.P. 4007(c) (emphasis added). The Plaintiff failed to timely file her Complaint or to timely seek an extension of the deadline under Rule 4007(c). Accordingly, the Court shall grant the SJ Motion.

### A. Improper Notice

Plaintiff's improper notice argument can be broken down into two components: due process and excusable neglect. First, the Plaintiff argues emphatically that she did not receive notice of the "original, court-scheduled date of the § 341 Meeting" because the mailing matrix: (1) did not list Plaintiff's attorney and (2) listed the Plaintiff at an address where she had not lived for over two years. The Debtor counters the address on the mailing matrix is the

---

**2.** Rules 4004(a) and 4007(c) contain identical time limits and conditions on the bankruptcy court's ability to grant extensions of those time limits. In addition, both rules are subject to the restrictions imposed by Rule 9006(b)(3). Accordingly, analysis of decisions regarding the deadline under one rule is applicable to the other rule.

**3.** Rule 9006(b)(3) states: "The court may enlarge the time for taking action under Rules ... 4007(c) ..., only to the extent and under the conditions stated in those rules."

Plaintiff's last address of record in her prepetition lawsuit against the Debtor in the pending state court action. Therefore, any defect in the address is Plaintiff's fault because she failed to notify the state court and the parties to that proceeding of her change in address as required by state court rules. This is the due process argument.

Second, the Plaintiff argues that the Letter Notice was misleading because her counsel thought the date of the rescheduled section 341 meeting contained in the Letter Notice was the original date for the section 341 meeting. Although not specifically stated, it appears that the Plaintiff is arguing that her counsel's mistake was a result of excusable neglect.

### 1. Excusable Neglect

■ In order to determine excusable neglect, the Court looks to the relevant circumstances surrounding the Plaintiff's failure to act to determine whether the failure constitutes excusable neglect. The excusable neglect argument fails for two reasons. In this case, the Plaintiff had actual notice of the bankruptcy filing and the date of the rescheduled 341 meeting. Any confusion regarding the appropriate deadline for filing a non-dischargeability complaint was a function of her counsel's failure to take reasonable actions to ascertain the date. The mistake by Plaintiff's counsel in calculating the deadline and his failure to take any measures to ascertain the correct deadline do not constitute ex-

cusable neglect. Even if the Plaintiff's failure to act was found to be based upon excusable neglect, the provisions of Rule 9006(b)(3) preclude the Court from extending the deadline under Rule 4007(c) based upon excusable neglect. *Neeley v. Murchison*, 815 F.2d 345, 346 (5th Cir.1987) (holding that Rule 9006(b)(3) explicitly excepts Rule 4007(c) from the "excusable neglect" standard); *Byrd v. Alton (In re Alton)*, 837 F.2d 457, 459 (11th Cir.1988) (holding that Rule 4007(c) does not allow the Court any discretion to grant a late filed motion to extend time to file a dischargeability complaint); *but see In re Rychalsky*, 318 B.R. 61, 64 (Bankr.D.Del. 2004) (holding that applied equitable principles to extend 4007(c) deadline to allow amendment adding fraud counts to timely filed complaint). Therefore, to the extent that the Plaintiff's notice argument is based upon excusable neglect, it is unavailing.[4]

### 2. Due Process

■ The Plaintiff's due process argument is equally unavailing. Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Notice need not be perfect but reasonable based on the circumstances of the case. *In re San Miguel Sandoval*, 327 B.R. 493, 2005 WL 1405828 (1st Cir. BAP 2005); *In re*

---

4. In *In re Rychalsky*, 318 B.R. at 64, the bankruptcy court stated that the decisions in *Neeley* and *Alton* were based upon a conclusion that deadlines in Rules 4004 and 4007 were jurisdictional in nature and, therefore, are no longer good precedent after *Kontrick v. Ryan (In re Kontrick)*, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). This Court has carefully reviewed the opinions in *Neeley* and *Alton* and disagrees with the Delaware bank-

ruptcy court's characterization of those decisions. This Court believes the decisions were not premised upon Rule 4007(c) being jurisdictional but rather on a conclusion that the provisions of Rules 4007(c) and 9006(b)(3) limit the discretion of the bankruptcy court to the conditions set forth in the Rules. Thus, this Court believes the rationale of *Neeley* and *Alton* remain good precedent.

*DCA Dev. Corp.*, 489 F.2d 43, 47 (1st Cir. 1973); *In re Intaco Puerto Rico, Inc.*, 494 F.2d 94, 98 (1st Cir.1974); *Zidell, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.)*, 920 F.2d 1428, 1430 (9th Cir.1990); *In re Anderson*, 159 B.R. 830, 838 (Bankr. N.D.Ill.1993). Creditors in bankruptcy cases are entitled to the due process rights granted by the Fifth Amendment. *Aboody v. U.S. (In re Aboody)*, 223 B.R. 36, 40 (1st Cir. BAP 1998). Notwithstanding any deficiencies in the mailing matrix, Plaintiff's counsel has acknowledged, and the docket reflects, that Plaintiff's counsel had actual knowledge of the bankruptcy case and the date of the rescheduled section 341 meeting no later than early February, 2005. Counsel obtained written verification of the same upon receipt of the Letter Notice dated February 8, 2005. Counsel makes much of the fact that the Plaintiff did not receive notice of the case until *after* the original date for the section 341 meeting. The Court finds more significant that the notice was received over a week *before* the re-scheduled 341 meeting and over a month before the deadline to object to dischargeability. The Court further finds that any confusion regarding the appropriate deadline for filing a non-dischargeability complaint was a function of the failure of the Plaintiff to take reasonable action to ascertain the date of the deadline.

There is no dispute that Plaintiff's counsel was actively representing the Plaintiff in the state court proceeding at the time of the bankruptcy filing. In light of this fact, the Plaintiff is bound by her counsel's actions or inactions. *Link v. Wabash R. Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *In re Griggs*, 306 B.R. 660, 665 (Bankr.W.D.Mo.2004); *In re Glow*, 111 B.R. 209, 218 (Bankr.N.D.Ind.1990); *Paras v. City of Portsmouth*, 115 N.H. 63, 67, 335 A.2d 304 (1975); *Dumas v. Hartford*

*Accident & Indem. Co.*, 94 N.H. 484, 490, 56 A.2d 57 (1947); *Perkins v. Public Service Company of New Hampshire*, 93 N.H. 459, 466, 45 A.2d 210 (1945). Accordingly, the Court finds that despite actual knowledge of the commencement of the case, Plaintiff's counsel failed either to file a complaint or make a timely request under Rule 4007(c) to extend the March 29, 2005, deadline to file a complaint. The Plaintiff had sufficient time to react to the bankruptcy filing and file a timely complaint objecting to the discharge of the debt or to seek an extension of the deadline. The Plaintiff's failure to take timely action to protect her rights was not due to inadequate notice of the pending proceeding.

## B. Equitable Tolling

██ Plaintiff argues that the Court should equitably toll the deadline established under Rule 4007(c). Citing a case from the Sixth Circuit Court of Appeals, the Plaintiff contends the deadline to object to dischargeability is in the nature of a statute of limitations and, therefore, subject to the principles of equitable tolling. *Nardei v. Maughan (In re Maughan)*, 340 F.3d 337, 344 (6th Cir.2003). In *Nardei*, the Sixth Circuit Court of Appeals reviewed a bankruptcy court decision to grant a motion to extend the deadline under Rule 4007(c) even though the complaint objecting to dischargeability was filed three days after the deadline. The Sixth Circuit Court held because Rule 4004(a) deadlines are not jurisdictional, the Court may exercise its equitable powers under 11 U.S.C. § 105 to extend the deadline in extraordinary cases. *Nardei*, 340 F.3d at 343.

In reaching this decision the Sixth Circuit followed the rationale of the Seventh Circuit Court of Appeals in *In re Kontrick,*

295 F.3d 724 (7th Cir.2002).[5] In *Nardei*, the Sixth Circuit Court commented on the Seventh Circuit Court's statement in *Kontrick* that "[a]lthough [Rule 9006(b)(3) ] restricts the grounds upon which the bankruptcy court may enlarge the time for actions required by Rules 4004(a) and 4007(c), these restrictions still vest a great deal of discretion in the bankruptcy court." *Nardei*, 340 F.3d at 343 n. 7 (quoting *Kontrick*, 295 F.3d at 730). The *Nardei* court found the statement giving the bankruptcy court expansive discretion was "somewhat puzzling" because, in its view, Rule 9006(b)(3) restricted the bankruptcy court discretion to enlarge the time limits to the specific conditions set forth in the Rule.[6] Interestingly, and seemingly contrary to its apparent recognition of a limitation on the discretion of the bankruptcy court under Rule 9006(b)(3), the Sixth Circuit upheld the bankruptcy court's use of its discretion granting a motion to extend the deadline under Rule 4007(c) filed three days after the deadline. This Court finds that result more than "somewhat puzzling" given the Sixth Circuit's express recognition of the language in Rule 9006(b)(3) in its opinion. Apparently, the Sixth Circuit's comment on the restrictions in Rule 9006(b)(3) is something less than dictum.

Several other courts not cited by the Plaintiff have also approved extensions of the time to object to discharge or dischargeability when the motion to extend was filed after the deadline. *European Am. Bank v. Benedict (In re Benedict)*, 90 F.3d 50, 54 (2d Cir.1996) (time period under Rule 4007(c) is not jurisdictional and is subject to waiver, estoppel, and equitable tolling) (citing *United States v. Locke*, 471 U.S. 84,94 n. 10, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985)); *In re Rychalsky*, 318 B.R. 61, 64 (Bankr.D.Del.2004) (holding that, based on *Kontrick*, Rule 4004(c) is not jurisdictional and is subject to equitable principles, including tolling); *In re Otte*, 2004 WL 2187175 (Bankr.D.Kan.2004) (holding that, based on *Kontrick*, equitable tolling applies to deadline in Rule 4007(c)) (citing *United States v. Locke*, 471 U.S. 84, 94 n. 10, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985) for the proposition that statutory filing deadlines are generally subject to waiver, estoppel, and equitable tolling). In each of these decisions, the courts first determined that the deadline in Rule 4004 or 4007 was not jurisdictional and, then held that the bankruptcy court could use its equitable powers under § 105 of the Bankruptcy Code to permit untimely filed complaints or grant untimely motions to extend the

**5.** The Supreme Court subsequently affirmed *Kontrick* holding that the deadline to object to dischargeability is not jurisdictional and, therefore, a debtor could not challenge the timeliness of a creditor's objection to dischargeability after the objection had been decided on the merits. *Kontrick v. Ryan (In re Kontrick)*, 540 U.S. 443, 460, 124 S.Ct. 906 (2004) ("No reasonable construction of complaint-processing rules, in sum, would allow a litigant situated as Kontrick is to defeat a claim, as filed too late, after the party has litigated and lost the case on the merits"). The *Kontrick* opinion specifically declined to address the question of equitable tolling of the deadline, although recognizing there is a conflict in the circuits. *Id.* at 457 n. 11, 124 S.Ct. 906.

**6.** The *Nardei* court stated:

We find that statement somewhat puzzling, inasmuch as Rule 9006(c)(3) provides that the court may enlarge the time for taking action under these rules '*only* to the extent and under the conditions stated in those rules' (emphasis added). Rules 4004 and 4007 both permit the court to extend the time on motion of a party in interest, but such motion 'shall be made before such time has expired.' That language in the text of those rules sounds like a condition to us, and rather than vesting discretion in the court, it appears to us to limit that discretion.

*Nardei*, 340 F.3d at 343 n. 7.

time to file such complaints under principles of equitable tolling. The Supreme Court specifically declined to rule on whether equitable principles permit the bankruptcy court to extend deadlines under Rules 4004 and 4007.[7] *Kontrick*, 540 U.S. at 447, 124 S.Ct. 906. There is no controlling precedent in the First Circuit.

█ This Court rejects the rationale that because Rule 4007 is not jurisdictional, the bankruptcy court has unfettered discretion to extend deadlines under Rule 4007 under the principle of equitable tolling. This Court finds that even though the deadline in Rule 4007(c) is not jurisdictional, a bankruptcy court does not have unlimited discretion to apply equitable principles to extend that deadline. While principles of equitable tolling may, as a general proposition, apply to non-jurisdictional deadlines, the general rule cannot overcome express limitations. As noted by the Sixth Circuit in *Nardei*, Rule 9006(b)(3) limits the court's discretion to the express conditions in Rule 4007(c). Specifically, any request to extend the deadline must be filed "before the time has expired." Fed. R. Bankr. P. 4007(c). *In re Prego Cruz*, 323 B.R. 827, 831 (1st Cir. BAP 2005) (citing *Lure Launchers, LLC v. Spino*, 306 B.R. 718 (1st Cir. BAP 2004)). None of the decisions allowing extensions of time for complaints or motions filed after the deadline explain how the decision is consistent with the express language in Rule 9006(b)(3). If the rationale of *Nardei* and the other cases is correct, then Rule 9006(b)(3) has been at least partially repealed or limited in its application. There is no suggestion in any of the cases that the most natural meaning of the phrase "only to the extent and under the conditions stated in [Rule 4007(c)]" does not act

to restrict the discretion of the bankruptcy court. Policy considerations or general equitable principles cannot trump the enforcement of the Bankruptcy Rules in accordance with the natural meaning of the language of the rule. *Cf. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394–95, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (interpretation of the Bankruptcy Rules should follow the natural meaning of the language); *In re Ludlow Hosp. Soc., Inc.*, 124 F.3d 22, 28 (1st Cir.1997) (bankruptcy court may not utilize section 105 if a more particularized Code provision impedes the exercise of its equitable power). Limitations of time and discretion may impose burdens on the parties. However, the Supreme Court has specifically approved the application of such limitations in the Bankruptcy Rules in accordance with their terms. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 644, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) ("Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality.").

█ Rule 9006(b)(3) expressly limits this Court's discretion to use its general equitable powers to extend the deadline in Rule 4007(c) beyond the conditions in the rule. Although the bankruptcy court is a court of equity, its equitable powers are limited by the confines of the language of the Rules and the Code. *Thinking Machines Corp. v. Mellon Financial Services Corp. # 1 (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028 (1st Cir.1995) (the equitable powers of bankruptcy courts are not unlimited, but must be connected to, and advance the purposes of, specific provisions in the Code); *In re Ludlow Hosp. Soc., Inc.*, 124 F.3d at 28; *contra*

---

7. The Supreme Court has also declined to rule on a similar deadline in Rule 4003 regarding the deadline to object to a claim of exemption. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 645–46, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

*Farouki v. Emirates Bank Intern., Ltd.,* 14 F.3d 244, 248 (4th Cir.1994) (holding that Rule 4004(a) does not preclude the bankruptcy court from exercising its equitable powers in extraordinary cases).

This Court finds discretion rooted in the general equitable powers granted to the bankruptcy court may not trump specific provisions of the Bankruptcy Rules. This holding is consistent with the natural language of the Rules and the policies supporting their implementation. *See* Vern C. Countryman, *The New Dischargeability Law,* 45 *Am. Bankr.L.J.* 1 ("Under the Bankruptcy Code and rules, creditors play a zero-sum game in which the failure to navigate effectively through various intricate procedures can mean total defeat. Moreover, because such procedures are thought to be necessary to protect the bankrupt and the creditors, exceptions cannot be made every time a creditor claims hardship.").

## IV. CONCLUSION

For the reasons set forth in this opinion, the Court shall enter a separate order granting the SJ Motion and dismissing this adversary proceeding. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.