**In re Ramón Torres ROUBERT and Daisy Santiago Contron, Debtors.**

No. 02–04885(GAC).

United States Bankruptcy Court, D. Puerto Rico.

Dec. 7, 2005.

Modesto Bigas Mendez, Bigas & Bigas, Ponce, Puerto Rico, for Debtors.

Juan Carlos Fortuño Fas, Fortuño & Fortuño Fas C.S.P., San Juan, Puerto Rico, for Associates International Holding Corp.

## MEMORANDUM OPINION

J. MICHAEL DEASY, Bankruptcy Judge.

## I. INTRODUCTION

On October 26, 2005, the Court held an evidentiary hearing on the Debtors' objections (Doc. Nos. 45 and 47) to proofs of claim filed by Associates International Holding Corp. (the "Creditor")[1] and docketed as claim numbers 2, 3, 4, and 15. This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. FACTS

At the commencement of the hearing on October 26, 2005, the parties indicated that they had resolved the objections to claims 2 and 4 and had agreed that the Court could decide the objection (the "Objection") to claim 15 (the "Proof of Claim") on stipulated facts and written arguments to be submitted by the parties.[2] The parties agreed to file a written stipulation and to file legal briefs on or before November 29, 2005, after which the Court would rule on the Objection to the Proof of Claim. The stipulation was filed on October 26, 2005 (Doc. No. 102) (the "Stipulation"). On November 29, 2005, the Creditor submitted a memorandum of law (Doc. No. 103). The Debtors did not submit any written argument.

The Stipulation does not expressly indicate that the Debtors' objections to claims 2 and 4 have been resolved. However, the parties' statements on the record at the hearing on October 26, 2005, and in the memorandum filed by the Creditor on November 29, 2005, indicate that any objections to those claims have been resolved.[3] Accordingly, the only matter before the Court is the Objection to the Proof of Claim.

According to the Stipulation, the Creditor was a secured creditor of the Debtors as a result of a loan secured by a Mack Dump Truck, Model CH713 (the "Truck"). On October 29, 2001, the Truck was involved in an accident which resulted in a total loss of the vehicle. The Truck was insured through Universal Insurance Company ("Universal").[4] Universal initially of-

---

1. The Court notes that the docket does not reflect the filing of any objection to claims 2, 3, and 4 by the Debtors, but does reflect the filing on February 6, 2004, of duplicate objections to claim 15 (Doc. Nos. 45 and 47). However, it appears that the Debtors served an objection to claims 2, 3, and 4 on the Creditor and erroneously filed a duplicate objection to claim 15 because on February 20, 2004, the Creditor asked the Court for an extension of time to file a response to the objections filed on February 6, 2004, to claims 2, 3, 4, and 15 (Doc. No. 50). The requested extension was approved by the Court on March 5, 2004 (Doc. No. 52). Since the parties proceeded to prepare for a con-

tested evidentiary hearing on objections to claims 2, 3, 4, and 15, the Court will deal with the objection to claims 2, 3, and 4 as if filed.

2. The Court notes that the Creditor withdrew claim 3 by motion dated February 19, 2004 (Doc. No. 50).

3. As a result of the Debtors' abandonment of their objection to claims 2 and 4, those claims are deemed allowed. 11 U.S.C. § 502(a).

4. The Stipulation does not indicate that the Creditor was named as a loss payee on the insurance policy for the Truck. However,

fered to pay $26,303.25 for the loss of the Truck. The Debtors rejected that offer as inadequate. The Debtors filed a voluntary petition under chapter 13 of the Bankruptcy Code on May 9, 2002 (the "Petition Date"). On October 29, 2003, Universal tendered a check in the amount of $56,059.00 on account of the loss of the Truck (the "Insurance Proceeds"). The check was jointly payable to Ramón Torres Roubert, the chapter 13 trustee, and the Creditor. It appears that this check was not endorsed by all payees until January of 2004, at which time it was delivered to the Creditor on account of its security interest in the Truck. On June 1, 2004, the Debtors filed a complaint for breach of contract and damages against their insurance broker and Universal in the Superior Court of Ponce, Puerto Rico (the "Ponce Suit").

On January 20, 2004, the Creditor filed the Proof of Claim in the amount of $30,649.55 representing the deficiency on its loan for the Truck after application of the Insurance Proceeds. The Proof of Claim did not amend a prior claim, but was the first and only filing by the Creditor on account of any claim arising from the Truck loan.

## III. DISCUSSION

In the Objection, the Debtors object to the allowance of the Proof of Claim because it was filed after the September 23, 2002, deadline for filing claims in this chapter 13 proceeding. The Creditor does not dispute that the claim was filed after the claims deadline. However, the Creditor contends that the late filing is permis-

sible due to excusable neglect or the exception contained in Federal Rule of Bankruptcy Procedure[5] 3002(c)(3). For the reasons set forth in this opinion, the Court sustains the Objection and disallows the Proof of Claim.

### A. Excusable Neglect

The Creditor does not dispute that the Proof of Claim was filed after the deadline established under Rule 3002(c). Nevertheless, the Creditor contends the admitted late filing of the Proof of Claim should be allowed based upon excusable neglect. Rule 9006(b)(1) gives the bankruptcy court the discretion to extend the time for an act to be done after the expiration of the time period for the act to be done where the failure was the result of excusable neglect. However, Rule 9006(b)(3) restricts the bankruptcy court's discretion to extend time under Rule 3002(c) to the conditions stated in the rule. The Creditor does not contend that the exceptions in Rule 3002(c)(1) or 3002(c)(2) apply to it.[6] Rather, the Creditor contends that Rule 3002(c)(3) permits the Court to extend the time to file the Proof of Claim.

Rule 9006(b)(3) expressly limits this Court's discretion to use its general equitable powers to extend the deadline in Rule 3002(c) beyond the conditions in the rule. *See Francis v. Eaton (In re Eaton)*, 327 B.R. 79, 82 (Bankr.D.N.H.2005) (discussing the limitations imposed by Rule 9006(b)(3) on extending deadlines under Rule 4007(c)). Although the bankruptcy court is a court of equity, its equitable

---

attached to the Stipulation is a copy of a check from Universal showing the Creditor as one of the payees. Accordingly, the Court assumes that the Creditor was named as a loss payee in the insurance policy on the Truck.

**5.** In this opinion the Federal Rules of Bankruptcy Procedure shall be referred to as "Rule" or "Rules."

**6.** The Creditor is not a governmental unit, an infant or an incompetent person.

powers are limited by the confines of the language of the Rules and the Code.[7] *In re Ludlow Hosp. Soc., Inc.*, 124 F.3d 22, 28 (1st Cir.1997) (bankruptcy court may not utilize section 105 if a more particularized Code provision impedes the exercise of its equitable power); *Thinking Mach. Corp. v. Mellon Fin. Servs. Corp. # 1 (In re Thinking Mach. Corp.)*, 67 F.3d 1021, 1028 (1st Cir.1995) (the equitable powers of bankruptcy courts are not unlimited, but must be connected to, and advance the purposes of, specific provisions in the Code). The discretion rooted in the general equitable powers granted to the bankruptcy court may not trump specific provisions of the Rules. *Eaton*, 327 B.R. at 85. These limitations on the bankruptcy court's equitable powers are consistent with the natural language of the Rules and the policies supporting their implementation. *See* Vern C. Countryman, *The New Dischargeability Law*, 45 Am. Bankr. L.J. 1 ("Under the Bankruptcy Code and rules, creditors play a zero-sum game in which the failure to navigate effectively through various intricate procedures can mean total defeat. Moreover, because such procedures are thought to be necessary to protect the bankrupt and the creditors, exceptions cannot be made every time a creditor claims hardship."). Accordingly, Rule 9006(b)(3) precludes this Court from extending the time to file the Proof of Claim on the basis of excusable neglect.

### B. Rule 3002(c)(3)

■ The Creditor contends that Rule 3002(c)(3) permits an extension of the time to file the Proof of Claim. Prior to the total loss of the Truck, the Creditor held a claim against the Debtors secured by the Truck. However, on the Petition Date, the Creditor's claim was secured solely by the proceeds, if any, of the insurance policy covering the Truck. The Creditor characterizes its claim, as of the Petition Date, as a contingent unliquidated claim. This Court need not decide if the Creditor's characterization of its claim is correct. On the Petition Date the Creditor was entitled to payment from the Debtors on account of its loan for the Truck. A right to payment is a "claim" even if it is contingent and unliquidated. 11 U.S.C. § 101(5). Rule 3002(c) requires a proof of claim to be filed no later than 90 days after the date first set for the meeting of creditors under section 341 of the Code. In this case, that date was September 23, 2002. The Proof of Claim was filed on January 20, 2004, nearly sixteen months after the deadline established by Rule 3002(c).

The Creditor contends that Rule 3002(c)(3) permits the late filing of the Proof of Claim due to the existence of the Ponce Suit. The Rule provides:

> An unsecured claim which *arises in favor of an entity or becomes allowable as a result of a judgment* may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money . . .

Fed. R. Bankr.P. 3002(c)(3) (emphasis added). The Creditor acknowledges that no judgment has been entered in the Ponce Suit. The absence of a judgment in that proceeding precludes any relief under the plain language of Rule 3002(c)(3). *In re CyberMedica*, 280 B.R. 12, 15 (Bankr. D.Mass.2002). Even assuming that the Creditor's claim is unsecured after payment of the Insurance Proceeds, its claim

---

7. In this opinion the words "Code" or "Bankruptcy Code" shall mean title 11 of United States Code, 11 U.S.C. § 101 *et seq.*

against the Debtors does not, and will not, arise as a result of a judgment in the Ponce Suit.[8] The Creditor's claim arose from a note signed by the Debtors. Moreover, no judgment has yet been entered in the Ponce Suit. If the Debtors are successful in the Ponce Suit, the Creditor may have a claim on the recoveries, but that claim will only arise if the Creditor has a lien on any such recovery. If the Creditor holds such a lien, it cannot be the holder of an unsecured claim. Accordingly, Rule 3002(c)(3) is not applicable on the facts of this case, even if the Creditor's claim against the Debtors would arise from a judgment, which it will not.

Accordingly, the Proof of Claim was not timely filed and the Objection shall be sustained. In a chapter 13 proceeding a creditor does not have a right to receive a distribution under a confirmed plan until it holds a claim allowed pursuant to section 502(a). 11 U.S.C. § 1325; Fed. R. Bankr.P. 3021; *Southtrust Bank of Alabama v. Thomas (In re Thomas)*, 91 B.R. 117, 121 n. 9 (N.D.Ala.1988), *aff'd*, 883 F.2d 991 (11th Cir.1989), *cert. denied*, 497 U.S. 1007, 110 S.Ct. 3245, 111 L.Ed.2d 756 (1990). Because the Creditor does not have an allowed claim for the deficiency on the Truck loan, it is not entitled to any distribution under the Debtors' confirmed chapter 13 plan.

## IV. CONCLUSION

This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order sustaining the Objection.

---

8. The Court is not deciding whether the Creditor would have any interest in any recovery by the Debtors in the Ponce Suit by virtue of its insurable interest in the Truck. That issue is not before the Court. The Court only notes that to the extent that the Creditor may have a security interest in any recoveries by the Debtors in the Ponce Suit, any such security interest would be unaffected by the denial of the Proof of Claim. *See Dewsnup v. Timm*, 502 U.S. 410, 418, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992).